**The BINKLEY COMPANY, Appellant,**

v.

**TELEDYNE MID–AMERICA CORPORATION, Appellee.**

**No. 71–1673.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1972.

Decided June 1, 1972.

Jerome I. Kaskowitz, Sidel, Sandweiss & Kaskowitz, St. Louis, Mo., for appellant.

Edward E. Murphy, Jr., Murphy, Kortenhof & Ely, St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY, Circuit Judge.

MATTHES, Chief Judge.

This is an appeal in a diversity case, originally filed in state court and then removed under 28 U.S.C. § 1441 et seq. Plaintiff Binkley Company is a Missouri Corporation. Defendant Teledyne is successor by merger to Precision Welder & Flexopress Corp. (Precision), which was headquartered in Cincinnati, Ohio, with an office in St. Louis, Missouri.

By letters between Precision's Ohio office and Binkley's Missouri office, the parties negotiated the sale by Precision to Binkley of a welder for a sum in excess of $48,560.00. By express warranty, Precision guaranteed the welder could perform a precise number of welds per minute in order to fit Binkley's pro-

duction plans. The machine was delivered on September 8, 1966, and installation by plaintiff was completed on October 24, 1966.

The welder never performed with the desired rapidity and from October, 1966 to February, 1968, defendant's representatives made periodic attempts to repair it. Finally, on September 14, 1970—four years and six days after delivery of the welder—plaintiff filed this suit for damages from the alleged breach of warranty. After discovery, the district court granted summary judgment for the defendant, finding the suit to be time-barred by the applicable Missouri four-year statute of limitations. Binkley Co. v. Teledyne Mid-America Corp., 333 F.Supp. 1183 (E.D. Mo.1971). Plaintiff appealed. We affirm.

The threshold question in this case is choosing the applicable law. Judge Webster decided, and the parties agreed, that Missouri law applies. That conclusion clearly is correct. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); § 400.1–105(1), V.A.M.S.

■ The applicable Missouri statute of limitations is U.C.C. § 2–275, adopted as § 400.2–725, V.A.M.S. The statute provides that where, as here, the parties have not agreed to a shorter period, the limitations period for a sales contract is four years from the date of cause of action accrued. § 400.2–725(1) V.A.M.S. In breach of warranty cases, the general rule is that the breach occurs, and the cause accrues, "when tender of delivery is made," a rule that applies "regardless of the aggrieved party's lack of knowledge of the breach." § 400.2–725(2), V.A.M.S.

The exception to this general rule arises when "a warranty *explicitly* ex-

tends to future performance of the goods and discovery of the breach must await the time of such performance. . . ." (Emphasis supplied). In that event, "the cause of action accrues when the breach is or should have been discovered." § 400.2–725 V.A.M.S.

Plaintiff contends that where, as here, the machine does not perform when delivered, but becomes operable only when installed, a warranty of present performance becomes a warranty of future performance at the date installation is completed and the machine performs properly. Thus in such cases the statute commences on the latter date, not the date of delivery. The district court declined to accept plaintiff's theory, held in effect that the subject warranty did not in *explicit* terms extend to future performance of the welding machine, and consequently the cause of action accrued on the date when tender of delivery occurred.

■ There are no reported Missouri cases on this question. We nevertheless agree with Judge Webster's well-reasoned opinion that the proper construction of the statute makes the rule, rather than the exception, applicable to this case. *Cf.*, Rempe v. General Electric Co., 28 Conn.Sup. 160, 254 A.2d 577, 578 (1969). Accordingly, the statute commenced on the date of delivery and this claim is barred unless the statute was tolled by defendant's efforts to repair the welder.

We also agree that Judge Webster correctly analyzed Missouri law in holding that the statute was not tolled. *See,* Binkley Co. v. Teledyne Mid-America Corp., 333 F.Supp. at 1187. *See also,* § 400.2–725(4) V.A.M.S.; Wilkinson v. Bennett Construction Co., 442 S.W.2d 166 (Mo.App.1969).

The judgment is affirmed.