JOSEPH E. TOMES, Plaintiff-Appellant, *v.* CHRYSLER CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 77-812

Opinion filed May 22, 1978.

Walter William Pearson, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, William J. Furey, and Kevin R. Sido, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Joseph E. Tomes, filed this action on September 24, 1976, seeking damages for alleged defects in a boat manufactured by defendant, Chrysler Corporation, which plaintiff purchased and which was delivered to plaintiff on June 22, 1972. Counts I and II of the complaint alleged that defendant had violated an implied warranty of fitness because the boat's motor was defective and the boat was so designed as to allow water to enter the forward hull. (Ill. Rev. Stat. 1975, ch. 26, par. 2—315.) Count III of the complaint was brought under the provisions of the "Federal Boat and Safety Act of 1971" and alleged that defendant was liable in damages for its failure to comply with this Act (46 U.S.C. §§1451 *et seq.*). By leave of court the complaint was amended, but it retained the three counts heretofore described. Defendant moved to strike the amended complaint, *inter alia*, because it was not filed within the 4-year period provided for actions for breach of warranty under the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725), and the court dismissed the amended complaint.

Plaintiff has appealed, contending that (1) the Uniform Commercial Code's limitation provision (section 2—725) does not apply to goods such as the boat here involved, since determination of the article's fitness cannot be determined at delivery; (2) if section 2—725 of the Uniform Commercial Code is applicable, then the "discovery rule" adopted in negligence cases applies since count II of the amended complaint alleged negligence on the part of defendant; and (3) defendant is estopped from relying on the statute of limitations because it misled plaintiff in stating that there was only a 1-year warranty applicable to the boat. Plaintiff concedes in the reply brief that his failure to argue the propriety of the dismissal with respect to count III has waived the issue for purposes of review (see Supreme Court Rule 341(e)(7)) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)) and we shall not discuss it further.

Count I of the complaint alleged that plaintiff purchased a Chrysler Commodore II Cruiser from defendant's authorized dealer on March 3, 1972, and that the boat was delivered on June 22, 1972. Plaintiff specifically alleged that defendant gave plaintiff no express or written warranty concerning the boat, its workmanship or performance, but alleged that the defendant knew that its boats when sold were to be used as motorboats to be operated in the future in bodies of water in the United States and impliedly warranted that the boat plaintiff purchased was fit for future use as a motorboat. Plaintiff further alleged that on August 12, 1972, the hydraulic steering system on the boat failed to function, and that on August 26, 1973, the steering system again failed, resulting in a collision with another boat and damage to plaintiff's boat. Plaintiff also alleged that on October 5, 1973, defendant replaced the

hydraulic steering system with a mechanical steering system, but the mechanical system did not function properly and that the boat was entirely useless to plaintiff by reason of the aforesaid defects.

Count II alleged that on September 4, 1975, plaintiff first discovered that the boat was 4 inches deeper in the water than the previous summer. Further inspection in 1976 disclosed the boat was another inch deeper in the water, it could not move at a speed greater than 5 knots per hour and it would not plane. Plaintiff averred that there was approximately one ton of water in the flotation of the forward hull of the boat as a result of defendant's faulty and negligent design, construction and workmanship in the building and assembly of the boat.

● 1    Plaintiff first contends that this action, alleging breach of the warranty provisions of the Uniform Commercial Code, was not barred by the statute of limitations. The general statute of limitations for actions to recover damages for an injury done to a property is 5 years, but that statute (Ill. Rev. Stat. 1975, ch. 83, par. 16) is subject to an exception set forth in section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725), which provides a 4-year limitation period:

> "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

Plaintiff first contends that this action alleging breach of the warranty provisions of the Uniform Commercial Code was not barred by section 2—725(1) of the Code, although not brought within 4 years from the date of the delivery, because the warranty in this case extended to future performance under section 2—725(2). Plaintiff states it is in the nature of a motorboat that it must be placed in water sometime in the future to determine if it is operable.

■■    Plaintiff's view has been clearly rejected. It has been held that in order for such warranties to extend to future performance they must be explicit. (*Beckmire v. Ristokrat Clay Products Co.* (1976), 36 Ill. App. 3d 411, 343 N.E.2d 530.) In this case, the cause of action for breach of warranty accrued upon delivery in June of 1972 and this action, filed more than 4 years thereafter, was not timely.

■■    Plaintiff contends that defendant's repair of the steering system by

replacing it with another steering system, which also failed, tolled the statute. But efforts to repair do not toll the statute. *Binkley Co. v. Teledyne Mid-America Corp.* (8th Cir. 1972), 460 F.2d 276.

■■ Plaintiff next contends that the "time of discovery" rule should be applied to toll section 2—725. (See generally *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804.) However, the cases cited by plaintiff concern not breach of warranty actions but negligence actions. (*Gates Rubber Co. v. USM Corp.* (7th Cir. 1975), 508 F.2d 603; *E. J. Korvette v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 350 N.E.2d 10.) Moreover, plaintiff obviously knew of the alleged defects during the limitation period, yet did not initiate action thereon. Thus, the "time of discovery rule" is inapplicable. *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273.

Plaintiff maintains in this court that count II of the complaint alleged negligence in the design and construction of the boat and, therefore, the "discovery rule" should apply. However, in the trial court both parties proceeded solely on the basis that the causes of action sought to be stated in counts I and II arose under the provisions of the Code. The complaint, itself, characterizes the cause of action as "breach of warranty of fitness." The record shows this is the first time plaintiff has characterized the allegations of count II not as arising under the Code but as predicated upon negligence. The theory upon which a case is presented in the trial court cannot be changed upon review and we will not consider this issue. *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 131 N.E.2d 487; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

Finally, plaintiff contends that defendant is estopped from relying on the statute of limitations because it misled plaintiff in stating there was only a 1-year warranty on the boat, thus fraudulently concealing the cause of action. (Ill. Rev. Stat. 1975, ch. 83, par. 23.) This contention is based on a letter from J. M. Murray, special assistant of defendant's Marine Products Division, dated October 1, 1975, in response to letters dated September 4 and September 23, 1975, from plaintiff. This letter, attached to the complaint, suggested that plaintiff have the steering system checked by his local Chrysler dealer. The letter states that defendant had performed work on the boat after plaintiff's "warranty coverage" had expired. Plaintiff was told that defendant could not continue to reimburse plaintiff for engine work on his boat "three years after you purchased your boat and consequently two years after the expiration of your warranty." The letter concluded that defendant "must respectfully decline any financial obligation on our part for reimbursement." Plaintiff's complaint alleged that no warranty was made to him at the time of the original sale.

■■ Under the Uniform Commercial Code, plaintiff had a cause of

action he could have brought within 4 years of the time the boat was delivered to him. As the trial court observed, ignorance of a cause of action is not concealment. An actual misrepresentation, not mere silence, is required. (*Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 229-30, 243 N.E.2d 723.) Defendant was under no obligation to inform plaintiff that the statute of limitations was running. The above letter is insufficient, as a matter of law, to show fraudulent activity on the part of defendant. Plaintiff here has alleged only a course of negotiations between him and the defendant. This does not show that defendant engaged in a course of conduct calculated to lull plaintiff into a reasonable belief that the case would be settled without suit and that the defense of the statute of limitations would not be asserted. (*Arthur L. Larsen Co. v. Shefner* (1975), 27 Ill. App. 3d 562, 327 N.E.2d 257.) Defendant by its conduct did not waive the statute of limitations and is not estopped from relying on the statute.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.