367 So.2d 1078 (1979)
K/F DEVELOPMENT & INVESTMENT CORPORATION, a Florida Corporation and, the Zack Company, a Florida Corporation, Appellants,
v.
WILLIAMSON CRANE & DOZER CORPORATION, a Florida Corporation, Appellee.
No. 78-949.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Rehearing Denied March 16, 1979.
*1079 Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and John L. Britton, Miami, for appellants.
Glass, Schultz, Weinstein & Moss and Jeffrey Allan Hirsch, Coral Gables, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
Appellants appeal a joint and several judgment, awarding damages to Williamson Crane & Dozer Corporation for faulty roofing on a warehouse.
K/F Development and Investment Corporation built two warehouses. After completion of construction, Williamson Crane & Dozer Corporation purchased the warehouses from K/F Development and claimed that, at closing, the latter orally warranted that the warehouses had a "good ten-year roof". Shortly after the closing, one of the roofs began to leak. K/F Development was notified and The Zack Company[1] patched the roof. This pattern continued for about two years, until relations between the parties soured. About this time, Williamson Crane & Dozer Corporation was informed that a new roof was necessary. Suit was then filed, ultimately sounding in breach of warranty, express and implied, and in negligence. The evidence was in conflict as to whether the roof was installed at the time the building was constructed in accordance with the standards of the community for the building industry. The jury returned a plaintiff's verdict; this appeal ensued.
The appellants contend that there could be no express oral warranty for a period of ten years, as this would be contrary to the Statute of Frauds, Section 726.01, Florida Statutes (1975) and, further, that the claims for implied warranty, if one exists in Florida,[2] and negligence were barred by the Statute of Limitations [See: Section 95.11(3)(p), Florida Statutes (1975)], and that the Statute of Limitations was not tolled by the repairs. Therefore, the trial court should have directed a verdict for the defendants.
We concur with the appellants. The alleged contemporaneous agreement, which the plaintiff said constituted the express ten-year warranty, was made at the time of closing and not at the time of the agreement for purchase and sale, and therefore could not have been an inducement for the purchaser to enter into the transaction. See: Foster v. Copiah County Co-operative AAL, 246 Miss. 218, 148 So.2d 702 (1963); W.S. Job & Company v. Heidritter Lumber Company, 255 F. 311 (2nd Cir.1918); Jackson v. Baldwin-Lima-Hamilton Corporation, 252 F. Supp. 529 (E.D.Pa. 1966); 67 Am.Jur.2d, Sales, § 437; 77 C.J.S. Sales § 309. We hold that the four-year Statute of Limitations was applicable on the other claims *1080 and that the statute was not tolled by the repairs. Tomes v. Chrysler Corp., 60 Ill. App.3d 707, 18 Ill.Dec. 71, 377 N.E.2d 224 (Ill. 1st Dist. 1978); Zahler v. Star Steel Supply Company, 50 Mich. App. 386, 213 N.W.2d 269 (1973); Bobo v. Page Engineering Company, 285 F. Supp. 664 (W.D.Pa. 1967); Binkley Company v. Teledyne-Mid America Corp., 460 F.2d 276 (8th Cir.1972); Anno., 68 A.L.R.3d 1277). The evidence is clear that the purchaser knew or should have known of the alleged defect when the roof began to leak, and this was more than four years prior to the filing of the law suit. Plaintiff relies on Cunningham v. Frontier Lumber Co., 245 S.W. 270 (Tex. App. 1922) for the proposition that repairs may toll a statute of limitation. This is an old case and the weight of authority and the better line of reasoning in this modern society is that people should exercise their rights within the limitations time set and that this time period should not be extended by good faith attempts to remedy a defect.
Therefore, for the reasons above stated, the final judgment be and it is hereby reversed with directions to dismiss the cause.
Reversed and remanded, with directions.
NOTES
[1] The roofing subcontractor.
[2] Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972); Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978); Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979), which have found such a cause of action as to residences and condominiums. But, this opinion is not to be construed as finding such as to commercial buildings.