TORBERT, Chief Justice.
On April 20, 1979, suit was brought against Peabody Galion Corporation, Truck Equipment, Inc., General Motors Corporation, and Pierson Chevrolet, Inc. by Wal-drop for breach of express and implied warranties in the manufacture and sale of a garbage truck. The trial court granted a summary judgment in favor of all defendants on the ground that the claim was barred by the statute of limitations. We affirm.
In the summer of 1974, the City of Gadsden, Alabama, issued specifications and invited bids for the purchase of six garbage trucks and issued separate specifications for six garbage compactors. The City requested that the six trucks be delivered to Peabody Galion Corporation in Durant, Oklahoma, for installation of the compactors. The City purchased the garbage compactors from Truck Equipment, Inc., the manufacturer, who delivered them to Peabody Gal-ion. The City purchased the trucks from Pierson Chevrolet, which had purchased them from General Motors Corporation, the manufacturer, and delivered them to Peabody Galion.
The purchase order for the garbage compactors was issued on July 2, 1974; the purchase order for the six trucks was issued on August 12, 1974; and Pierson Chevrolet purchased the trucks from General Motors on or about December 14, 1974.
*146 The City issued a check on February 19, 1975, to Pierson Chevrolet, and on March 27, 1975, the City issued a check to Truck Equipment for the garbage compactors. Martha Elrod, City Clerk of the City of Gadsden, as well as E.M. Pledger, Director of Public Works for the City of Gadsden, testified in deposition that the City never paid for equipment before it was received. This is not inconsistent with the issuance of two checks, because the City had specified that Pierson Chevrolet was to deliver the trucks to Peabody Gabon and, therefore, according to Code of Ala. § 7-2-503(1), tender of delivery to the City had occurred on December 10, 1974, when Pierson delivered the trucks to Peabody Gabon. The completed trucks, equipped with compactors, were then, according to Mrs. Elrod and Mr. Pledger, delivered to the City sometime on or before March 27,1975, the date of the second check.
On October 29, 1976, the appellant, Wal-drop, employed by the Gadsden Sanitation Department as a garbage collector, was injured in an accident. While the truck was making a turn, it hit a dirt embankment, resulting in a severe leg injury to Waldrop, who was riding on the back of the truck and whose leg was caught between the truck and the embankment. Plaintiff maintains that his injuries resulted from defects in the garbage truck and the compactor.
Waldrop brought suit against Pierson Chevrolet, Truck Equipment, Inc., Peabody Gabon Corporation and General Motors Corporation. Each of the defendants moved for a summary judgment on the ground that the time allowed under the applicable statute of limitations had expired. General Motors moved for a summary judgment on the additional ground that it did not manufacture, install, sell, or distribute the allegedly defective garbage compactor. The trial court granted a summary judgment, finding that the delivery of the trucks occurred on or before March 27, 1975, and thus, that the time allowed by the statute of limitations had expired.
Section 7-2-725 of the Alabama Code provides that a cause of action for breach of warranty must be brought within four years of “tender of delivery” of the goods. “Tender of delivery requires that the seller put and hold conforming goods at the buyer’s disposition.” Ala.Code § 7-2-503(1) (1975). “The manner, time and place for tender are determined by the agreement.” Id. Unless the agreement provides otherwise, the place for delivery is the seller’s place of business. Ala.Code § 7-2-308(a) (1975). Since this action was filed on April 20,1979, the claim is barred under the statute of limitations if the trucks were delivered to the City of Gadsden prior to April 20, 1975.
In the present case, the terms of the agreement required the supplier of the trucks to deliver the goods to Peabody Gal-ion Corporation in Oklahoma. General Motors and Pierson Chevrolet, the sellers of the trucks, complied with the terms of the agreement by delivery to Peabody Gabon in December, 1974. Therefore, the statute of limitations bars any action against General Motors and Pierson Chevrolet. See, City of New York v. Pullman, Inc., 662 F.2d 910 (2d Cir.1981); Standard Alliance Industries, Inc. v. Black Clawson Co., 587 F.2d 813 (6th Cir.1978); Binkley Co. v. Teledyne Mid-America Corp., 460 F.2d 276 (8th Cir.1972).
By the terms of the City’s agreement with Truck Equipment and Peabody Gabon, those parties were responsible for delivering the truck chassis and garbage compactors to the City shop in Gadsden. The issue concerning the liability of these two parties is when tender of delivery at Gadsden occurred. The trial judge held that delivery occurred on or before March 27, 1975, and, thus, granted summary judgment.
A summary judgment should be granted only if there is no genuine issue as to a material fact. Appellant contends that the evidence does not conclusively establish that the date of delivery of the truck was more than four years prior to the filing of the suit because there is no evidence that anyone had personal knowledge of the actual date of delivery. This contention is *147 based on the deposition of Mr. Pledger, in which he stated that it was customary to put trucks into service within four or five days after they had been delivered, and his records showed the truck was not put into permanent service until April 28,1975. Appellant, therefore, contends that by implication one must find the truck was delivered after April 20,1975. When asked about the discrepancy concerning the delivery date of the trucks, Mr. Pledger explained that the truck was probably received around March 17, 1975, and his records did not show it in service until April 28 because the truck had probably been in and out of service for a few weeks while repairs were done to it.
We disagree with appellant’s contention that there was insufficient evidence of the actual date of delivery, because there is clear evidence as to the last possible date of delivery. The following is an excerpt from the deposition of Mr. Pledger:
“Q. Mr. Pledger, you can state categorically that the truck is received before it’s paid for?
“A. Yes, sir.
“Q. All right, sir. And that date it’s put into service has to be later than the date it was received at your yard or plant—
“A. Yes, sir.”
On the one hand, there is uncontroverted testimony from both Mrs. Elrod and Mr. Pledger that City policy requires receipt of equipment before payment, which would place delivery on or before March 27, 1975. On the other hand, there is a statement that it is customary to put trucks into service within four or five days after .they have been delivered, which would place delivery sometime after April 20,1975. Since the only possible contradictory evidence came from a witness who both testified as to City policy and clearly stated in his deposition that the service records might not be reflective of date of delivery, we cannot hold that the trial court erred in refusing to rely on this quality of conflicting evidence to find a genuine issue as to a material fact.
Therefore, the summary judgment in favor of Truck Equipment Corporation, Peabody Gabon, General Motors, and Pierson Chevrolet is affirmed.
AFFIRMED.
ALMON, SHORES, EMBRY and BEAT-TY, JJ., concur.
FAULKNER and ADAMS, JJ., dissent.
JONES, J., not sitting.