493 A.2d 706

**Edgar C. RANKER, Jr., Appellant,**

v.

**SKYLINE CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Filed May 10, 1985.

512

Daniel W. Shoemaker, York, for appellant.

Nevin Stetler, York, for appellee.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

Edgar C. Ranker, Jr. purchased a travel trailer from an authorized dealer of Skyline Corporation and took delivery thereof on September 15, 1979. On October 31, 1983, he filed a complaint by which he sought to rescind the sale and recover the purchase price. In support thereof he alleged

that Skyline Corporation had breached express and implied warranties forming a part of the contract of sale. The trial court sustained preliminary objections in the nature of a demurrer and dismissed the complaint because it was time barred. Ranker appealed. We affirm.

■ The statute of limitations is properly raised by answer and new matter pursuant to Pa.R.C.P. 1030 and not by preliminary objection. However, if no objection is made to the raising of the statute of limitations via preliminary objections, the procedural objection is waived, and the court may proceed to consider on preliminary objection the effect of the statute of limitations. See: *Lamp v. Heyman,* 469 Pa. 465, 470–471, 366 A.2d 882, 885 (1976); *Donnelly v. DeBourke,* 280 Pa.Super. 486, 494 n. 4, 421 A.2d 826, 830 n. 5 (1980), *overruled on other grounds, Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981); *Cooper v. Downington School District,* 238 Pa.Super. 404, 407, 357 A.2d 619, 621 (1976).

■ The applicable statute of limitations is found at 13 Pa.C.S. § 2725 and provides as follows:

(a) **General rule.**—An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(b) **Accrual of cause of action.**—A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Unless there is a reason why appellant's cause of action did not accrue upon delivery of the trailer, a literal application of the statute clearly requires a holding that appellant's cause of action is barred by the lapse of more than four years before commencing suit.

Appellant suggests two reasons why his action is not time barred. He argues first that appellee's express agreement to correct manufacturing defects extended to future performance of the goods [1] and that, therefore, the period of limitation did not begin to run until after appellee's attempts to correct defects were proven to be unsuccessful, as that was when the breach of the agreement to correct manufacturing defects was discovered. Within two weeks after taking delivery, he alleged, he had found that the trailer leaked. Skyline, pursuant to its written warranty, sent the trailer to its plant for repair. Upon return of the trailer from the plant, appellant determined that it still leaked. The trailer was again returned to appellee late in 1981 and twice in 1982, but appellee's attempts to halt the leaking were unsuccessful.

The courts of this Commonwealth have not heretofore been called upon to decide whether a promise to repair defects within a specified period extends to future performance. The courts of other jurisdictions, however, have generally refused to interpret an express warranty as extending to future performance unless the warranty agreement contains an explicit and unambiguous statement that the warranty applies to future performance. See: *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 545 P.2d 371 (1976) (written twelve months/12,000 mile repair warranty on automobile did not warrant future performance but only that manufacturer would repair or replace defective parts); *Centennial Insurance Co. v. General Electric Co.*, 74 Mich.App. 169, 253 N.W.2d 696 (1977) (written warranty on electrical transformer that seller would correct any defect appearing in transformer within one year of shipment specified buyer's remedy if breach discovered during that time, but was not warranty of future performance); *Poppenheimer v. Bluff City Motor Homes*, 658 S.W.2d 106 (Tenn. App.1983) (twelve months/12,000 mile repair warranty cov-

1. The written warranty provided: "Skyline proudly warrants that manufacturing defects reported to Skyline within one year after original retail delivery of your new travel trailer by an authorized dealer will be corrected without charge and within reasonable time."

ering motor home did not explicitly extend to future performance of the motor home). See also: *Cuthbertson v. Clark Equipment Co.*, 448 A.2d 315 (Me.1982); *Shapiro v. Long Island Lighting Co.*, 71 A.D.2d 671, 418 N.Y.S.2d 948 (1979); *Mountain Fuel Supply Co. v. Central Engineering & Equipment Co.*, 611 P.2d 863 (Wyo.1980). Accord: *Commissioners of Fire District No. 9 v. American La France*, 176 N.J.Super. 566, 424 A.2d 441 (1980). Cf. *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704 (3d Cir.1981); *Matlack, Inc. v. Butler Manufacturing Co.*, 253 F.Supp. 972 (E.D.Pa.1966).

■ Skyline's written warranty provided for correction of manufacturing defects reported to it within one year after delivery. That language, however, did not *explicitly extend* the warranty to future performance. It did not pertain to performance of the trailer, but to the condition of the trailer at delivery. That the warranty defined the buyer's remedy if a defect were discovered and reported within one year after delivery did not extend the warranty to future performance. An extension of the period of limitation under 13 Pa.C.S. § 2725(b) will not be permitted except in those instances in which there is a clear and unambiguous expression of an intent that the warranty shall pertain to future performance.[2] See: Annot., 93 A.L. R.3d 690 (1979).

[4] Were we to hold that Skyline's warranty extended to future performance as envisioned by 13 Pa.C.S. § 2725(b), the fact is that Ranker discovered the defect approximately two weeks after taking delivery on September 15, 1979, and not, as Ranker argues, when Skyline returned the trailer to him in the spring of 1981 after attempted repairs. The present action was commenced October 31, 1983, more than four years after the date of *discovery*. Thus, even under

---

**2.** It was held in *Perry v. Augustine*, 37 D. & C.2d 416 (Mercer Cty.C.P. 1965), by way of example, that an express warranty that a heating system would "be able to heat at 75 degrees inside and at minus 20 degrees outside" was a warranty that explicitly extended to future performance.

such an application of the statute, appellant's action would be time barred.

■ Appellant argues in the alternative that the four year statute of limitations was tolled by Skyline's unsuccessful attempts to repair the trailer. The repair doctrine, as Ranker's argument is known, provides for the tolling of the statute of limitations where (a) the seller has attempted to make repairs and (b) the seller represents that the repairs will cure the defect. See: Annot., 68 A.L.R.3d 1277 (1976). In effect, the doctrine is merely a particularized form of estoppel. *A.J. Aberman, Inc. v. Funk Building Co.*, 278 Pa.Super. 385, 400–401, 420 A.2d 594, 602 (1980).

■ The repair doctrine has not been adopted in Pennsylvania. See: *A.J. Aberman, Inc. v. Funk Building Co.*, *supra*. See also: *Bobo v. Page Engineering Co.*, 285 F.Supp. 664 (W.D.Pa.1967), *aff'd*, 395 F.2d 991 (3d Cir.1968). The courts of this state and of other states have said that there can be no estoppel merely because an attempt has been made to repair a defect. For an estoppel to arise which will toll the statute of limitations, there must also be a representation that the repairs have cured or will cure the defect. See: *A.J. Aberman, Inc. v. Funk Building Co.*, *supra;* Annot., 68 A.L.R.3d 1277 (1976).

■ Skyline's attempted repairs in this case were not adequate to toll the statute of limitations. A representation that the repairs would correct the defect was also necessary. This, however, is not present in this case. There has been no averment that Skyline made any representations that its repairs would cure the defect. See: *A.J. Aberman, Inc. v. Funk Building Co.*, *supra*, 278 Pa.Super. at 402, 420 A.2d at 602–603.

■ The statute of limitations must be applied according to its terms. After appellant learned of a defect in his trailer, he was required to exercise due diligence and take all necessary steps to inform himself of his legal rights. See: *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983); *Platts*

*v. Government Employees Insurance Co.*, 301 Pa.Super. 379, 382, 447 A.2d 1017, 1018 (1982). The statute of limitations will not be tolled or extended by good faith efforts made by a seller to correct alleged defects in his product. *A.J. Aberman, Inc. v. Funk Building Co.*, *supra.* Accord: *Binkley Co. v. Teledyne Mid-America Corp.*, 333 F.Supp. 1183, 1187 (E.D.Mo.1971), *aff'd*, 460 F.2d 276, 277 (8th Cir.1972); *Zahler v. Star Steel Supply Co.*, 50 Mich.App. 386, 213 N.W.2d 269 (1973); *Tomes v. Chrysler Corp.*, 60 Ill.App.3d 707, 18 Ill.Dec. 71, 377 N.E.2d 224 (1978); *Bowman v. Oklahoma Natural Gas Co.*, 385 P.2d 440 (Okl. 1963). Any other rule would discourage attempts to correct defects in products sold pursuant to warranty.

Order affirmed.