567 A.2d 1100

**Julie LYONS, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1989.

Filed Dec. 28, 1989.

Stanley R. Krakower, Philadelphia, for appellant.

Richard B. Koelle, Swarthmore, for appellee.

Before CAVANAUGH, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

Appellant, Julie Lyons, appeals from an order entering judgment on the pleadings, Pa.R.C.P. 1034, in favor of Nationwide Insurance Company (Nationwide) on the basis that the action was commenced beyond the applicable limitations period.

Appellant raises two issues in her Brief on appeal:

(1) Whether the trial court erred in granting Defendant's Motion for Judgment on the Pleadings on the ground that the applicable period of limitation in this case is only one year.

(2) Whether the trial court erred in holding that Defendant was in no way responsible for the delay in bringing suit where Defendant's policy language, set forth in the record, led Plaintiff to believe that she could rely on the four (4) year State limitation statute.

In reviewing an order granting judgment on the pleadings, we must limit our consideration to the facts set forth in the pleadings, such as the complaint, answer, reply to new matter and relevant documents,[1] and accept as true all of the well-pleaded allegations of the party against whom the motion is granted. *Aughenbaugh v. North American Refractories*, 426 Pa. 211, 231 A.2d 173 (1967); *Keystone Automated Equipment Co., Inc. v. Reliance Insurance Co.*, 369 Pa.Super. 472, 535 A.2d 648 (1988) *allocatur denied*, 519 Pa. 654, 546 A.2d 59 (1988); *Jones v. Travelers*

---

1. The briefs of the parties are not pleadings. *Del Quadro v. City of Philadelphia*, 293 Pa.Super. 173, 437 A.2d 1262 (1981).

*Insurance Company,* 356 Pa.Super. 213, 514 A.2d 576 (1986); *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa.Super. 267, 476 A.2d 1322 (1984); *Eberhart v. Nationwide Mutual Insurance Co.,* 238 Pa.Super. 558, 362 A.2d 1094 (1976). Judgment on the pleadings is proper only when no material facts are in dispute. *Groff v. Pete Kingsley,* 374 Pa.Super. 377, 543 A.2d 128 (1988); *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878, 880 (1986), *citing Dudash v. Palmyra Borough Authority,* 335 Pa.Super. 1, 483 A.2d 924 (1984); *Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 437 A.2d 1262 (1981). "In reviewing the court's decision, we must determine if the action of the court was based on a clear error of law or whether there were facts disclosed by the pleading which should properly go to the jury. The decision will be affirmed only in cases which are clear and free from doubt." *Groff, supra* 374 Pa.Super. at 382, 543 A.2d at 130, *quoting Vogel, supra* 354 Pa.Super. at 296, 511 A.2d at 880. Judgment on the pleadings may be appropriate in cases which turn upon the interpretation of a written agreement. *Vogel, supra* 354 Pa.Super. at 296, 511 A.2d at 880; *Gallo, supra* 328 Pa.Super. at 270–71, 476 A.2d at 1324, *quoting DiAndrea v. Reliance Savings and Loan Association,* 310 Pa.Super. 537, 546, 456 A.2d 1066, 1070 (1983).

With these standards in mind, we turn to the case before us. The facts, as set forth in the pleadings and relevant documents, reveal the following. On January 25, 1983, appellant suffered loss of some of her personal property while moving to a new home. On January 21, 1987, approximately forty-eight (48) months after the loss, she initiated this action against Nationwide for recovery under an insurance policy issued by Nationwide for loss of personal property. The insurance policy contains a one-year limitation of action provision, which reads:

9. Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with and:

a. if under coverage of real or personal property, unless commenced within twelve months next after inception of the loss;

Another provision of the policy reads:

11. Terms of Policy Conformed to Statute. Terms of this policy which are in conflict with the statutes of the State in which it is issued are hereby amended to conform to such statutes.

The case was tried before arbitrators who granted an award in favor of Appellant in the amount of $3,977.80. Upon appeal to the trial court, Nationwide was granted judgment on the pleadings.

■ Appellant argues that the trial court erred in finding that the applicable period of limitation for this action is twelve months. She contends that the effect of paragraph 11 is to conform the twelve month limitations period set forth in paragraph 9 of the policy to the applicable four year limitation period for actions upon a written contract of insurance as provided by 42 Pa. C.S.A. § 5525(8). We disagree.

It is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable. *See Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967); *Selden v. Metropolitan Life Ins. Co.*, 354 Pa. 500, 47 A.2d 687 (1946).

Nationwide was required by statute to include clause 9 in the insurance policy. The provisions of the Pennsylvania Code regarding fire insurance contracts, in pertinent part, provide:

... no insurance company ... shall issue a policy affording fire insurance, as defined in this section, on property in this Commonwealth, unless such policy contains the following provisions as to such insurance:

Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or

equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

40 Pa.S.A. § 636(2).

"Fire insurance," as used in this section, means "insurance against loss by fire, lightning or removal, as specified in paragraph (1) of subsection (b) of section 202 of this act, as amended, [40 Pa.S.A. § 382(b)(1) ]." Section 382(b)(1) of 40 Pa.S.A. refers to insurance

"[o]n dwelling houses, stores, and all kinds of buildings, and household furniture and other property,—against loss or damage, including loss of use or occupancy, by fire, smoke, smudge, lightning, and explosion, whether fire ensue or not, and by tornadoes, cyclones, windstorms, earthquakes, hail, frost, sleet, snow, or flood; ... against perils to property arising from the ownership or maintenance or from the use of aircraft, automobiles, or other motor vehicles; against loss or damage caused by ... riot, civil war or commotion; ..."

40 Pa.S.A. § 382(b)(1).

The insurance policy issued by Nationwide to appellant falls within these provisions because it insures against loss from fire, lightning, smoke, windstorm, hail, explosion, riot and civil commotion, aircraft and vehicles, vandalism, malicious mischief, and theft.

Thus, Nationwide was required by our Legislature to include the twelve month limitation of action clause in its policy. Our courts have consistently upheld the validity of such limitation of suit provisions required by 40 Pa.S.A. § 636(2). *See Schreiber v. Pa. Lumberman's Mutual Insurance*, 498 Pa. 21, 444 A.2d 647 (1982); *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 346 A.2d 265 (1975); *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 341 A.2d 74 (1975); *Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967). In *Schreiber, supra* 498 Pa. at 24, 444 A.2d at 649, our Supreme Court stated that § 636(2) "represents a legislative determination of a reasonable period within which suits

may be brought, a careful balancing of the interests of both insurers and insureds."

We do not read paragraph 11 of the policy to conform the twelve month limitation period to the four year limitation period set forth in 42 Pa.C.S.A. § 5525(8), because paragraph 9 is not in conflict with statutes of Pennsylvania, but rather is in complete conformity with them.

■ Appellant also argues that she was misled by Nationwide into believing that she could rely on the four year statute of limitations. While it is true that a limitation of suit provision "may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced," *Schreiber, supra* 498 Pa. at 25, 444 A.2d at 649, *quoting General State Authority v. Planet Insurance Co., supra* 464 Pa. at 165 n. 6, 346 A.2d at 267 n. 6, appellant's pleadings contain no facts alleging that Nationwide took any action which could have reasonably misled her into believing that a four year statute of limitation applied to her case. Thus, the second question posed by appellant was not put into issue in the pleadings. In her reply to new matter, appellant simply denies that her claim was barred, without any allegation that she was misled by Nationwide by its inclusion of paragraph 11 in the policy. The first time appellant raises this argument is in her brief on this appeal. She has presented no facts in her pleadings that would pose a question for resolution by a jury, *see Patton v. Mack Trucks, Inc.,* 360 Pa.Super. 1, 7 n. 5, 519 A.2d 959, 963 n. 5 (1986) *allocatur denied,* 515 Pa. 623, 531 A.2d 430 (1987), nor has she sought leave to amend her pleadings to set forth facts showing that Nationwide misled her. The trial judge properly determined that the record showed no facts indicating that Nationwide was responsible for the delay. *But cf. Del Quadro, supra,* 293 Pa.Super. at 176–77, 437 A.2d at 1263 (where plaintiff averred that she "was lulled into inaction directly by representatives of the defendant," her reply to new matter was not so insufficient to warrant judgment on the pleadings).

Since appellant has not sought to amend her pleadings to set forth facts tending to show any misrepresentations or unlawful inducement on the part of Nationwide, we hold that the trial court did not err in granting Nationwide judgment on the pleadings.[2] *See Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa.Super. 287, 361 A.2d 375, 379 (1976).

Order affirmed.

**2.** This factor distinguishes the instant case from our decision in *Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979), in which we held that although judgment on the pleadings was properly granted by the trial court, the trial court should have permitted appellant an opportunity to amend his reply to aver facts sufficient to avoid the bar of the statute of limitations. Unlike the appellant in *Puleo,* appellant here did not request an opportunity to amend her pleadings. She did not even raise the argument that Nationwide induced her failure to comply with the limitation clause until the present appeal. We also note that in *Diamon v. Penn Mutual Fire Insurance Co.,* 247 Pa.Super. 534, 372 A.2d 1218 (1977), cited by appellant, the plaintiff, unlike appellant here, had raised the issue of the insurance company's waiver of the twelve month period by causing criminal charges to be brought against plaintiff at the trial court level.