**Roycroft v. Nationwide Mutual Fire Insurance Co.**

*Donald L. Reihart,* for plaintiff.

*Bradford H. Charles,* and *James C. Heneghan,* for defendant.

HORN, *J.,* September 20, 1993—This is the second of a series of complaints based on the same cause of action. Presently before the court are the defendant's numerous preliminary objections to plaintiff's amended complaint.

Fire damaged or destroyed plaintiff's home and personal property on December 25, 1990. Plaintiff submitted a claim for benefits under her homeowner's policy issued by defendant on September 14, 1990. Plaintiff's policy insured her real and personal property against loss or damage caused by fire. (Amended complaint, exhibit A.)

On August 6, 1991, defendant notified plaintiff that her claim had been denied. Defendant concluded, upon the basis of their investigation that the fire was the result of an intentional act by or at the direction of the insured.

Plaintiff's first complaint was docketed to no. 91-SU-03675-01 and was filed on July 30, 1991; and subsequently amended on August 22, 1991. (First, amended complaint.) Plaintiff alleges in her first, amended complaint two counts: breach of contract and bad faith/tortious conduct.

Plaintiff with the aid of new counsel originally filed this, her second, action on December 17, 1992. Plaintiff amended her second complaint on January 29, 1993. (Second, amended complaint.) The second, amended complaint contains six counts, labeled breach of contract; bad faith; bad faith; bad faith; breach of Arson Reporting Immunity Act; and breach of contract. On motion of the plaintiff, both cases were consolidated

for discovery and trial by the Honorable John C. Uhler on February 19, 1993.

Defendant filed preliminary objections to the second, amended complaint on February 22, 1993 in the nature of a demurrer, a motion to strike, or a motion for more specific pleading. Defendant's first objection is a demurrer to the complaint. Defendant maintains that the policy limitation of actions clause bars plaintiff's second, amended complaint. Plaintiff's policy provides under conditions to coverage:

"No action can be brought unless there has been compliance with the policy provisions *and the action is started within one year after the date of loss or damage.*" (Amended complaint, exhibit A, p.9.) (emphasis added)

Plaintiff argues that the commencement of the first action within a year of the fire satisfies the limitation period as to the second complaint and distinguishes cases cited by defendant wherein similar provisions barred the first and only complaint filed. Plaintiff reasons that notice of her original claim fulfills the purpose for a limitation of time and eliminates any prejudice or surprise issuing from an otherwise untimely complaint. In that regard, plaintiff states that the second complaint only clarifies issues raised in the original action. We believe this to be a greatly overworked statement.

The original action was sufficiently pled to permit the evidence stated in the rambling allegations of the second complaint.

The standard for a demurrer asks whether the allegations are sufficient to support a cause of action upon which relief may be granted. *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 361 A.2d 375 (1976). The demurrer should fail unless

it is abundantly clear that on the facts alleged plaintiff cannot recover under any theory of law. *Eckell v. Wilson,* 409 Pa. Super. 132, 597 A.2d 696 (1991).

A statute of limitations may not be asserted as the basis for a demurrer under Pa.R.C.P. Rule 1030, unless the opposing party does not object. *Ranker v. Skyline Corp.,* 342 Pa. Super. 510, 513, 493 A.2d 706, 707 (1985). In which case the procedural objection is waived. *Id.*

Pennsylvania honors the right of parties to a contract to modify the applicable statute of limitations provided the period of time is reasonable. See *Lyons v. Nationwide Insurance Co.,* 390 Pa. Super. 25, 567 A.2d 1100 (1989). Moreover, a one year limitation of action clause is required for all fire insurance contracts under the terms of the Insurance Company Law of 1921, 40 P.S. §362 et seq. Prejudice to the insurer is not a factor to consider in determining whether to apply the policy limitations clause. See *Schreiber v. Pa. Lumberman's Mutual Ins.,* 498 Pa. 21, 23, 444 A.2d 647, 649 (1982) (distinguishing *Brakeman v. Potomac Insurance Co.,* 472 Pa. 66, 371 A.2d 193 (1977)).

Accordingly, we find that the limitation of suit provision applies. Implicit in plaintiff's brief, however, is the assertion that the first complaint tolls the limitations period and that the second action relates back to the commencement of the first.

In considering this issue we have discovered a line of common pleas decisions which hold that "[w]here a plaintiff has another case, based upon the same facts, pending in the same court or another court, it tolls the statute of limitations and the statute does not begin to run until final adjudication of the pending case." *Vaughn v. Roulin,* 54 Sch. L.R. 8 (1957); *Caimaichelo v. Pinkston,* 41 D.&C. 2d 727 (1966); *Menefee v. Co-*

*lumbia Broadcasting System, Inc.,* 54 D.&C. 2d 341 (1972). The rule derives from *Sattler v. Opperman,* 14 Pa. Super. 32 (1900). However, *Sattler* has not been cited by any higher authority for that principle.

In *Sattler,* the Superior Court held that the statute of limitations did not bar an action for conversion by plaintiff-lessee. *Sattler, supra.* The Superior Court concluded that the conversion of lessee's property occurred after the ejectment action. The United States Bankruptcy Court of the Eastern District of Pennsylvania considered *Sattler* in relation to the rule. "We believe the court's decision can be understood as holding that the statute of limitations was tolled by the ejectment action or that the cause of action did not arise until the termination of the ejectment suit." *In re Fidelity American Financial Corporation,* 35 B.R. 310, 312 (Bankr. 1983). The Bankruptcy Court followed the latter interpretation and rejected the rule tolling the statute of limitations.

We agree that the authority for the rule is misplaced. However, to the extent plaintiff is not permitted to allege a new claim or theory of recovery, the rule in *Vaughn, supra,* is consistent with Pennsylvania's procedures granting leave on a liberal basis to amend. Further, the rule does not offend the policy reasons for which a statute of limitations is imposed.

Plaintiff does not raise additional theories of recovery in her second complaint different from those issues raised in the first action. The only arguably new claim is Count V, breach of the Arson Reporting Immunity Act. The court finds however that defendant injected that issue into the first case in answer and new matter to the first complaint.

Whether plaintiff can recover damages under the Arson Reporting Immunity Act is the basis for defendant's

second objection. Defendant argues that the Act does not create a private right of action against an insurer.

The Arson Reporting Immunity Act, 40 P.S. §1610.1 et seq., authorizes and compels insurance companies to disclose or release to an authorized agency, upon request or upon the basis of independent findings, relevant information or evidence in its possession relating to a fire loss under investigation. 40 P.S. §1610.3 (a), (b). To further the purpose of the Act, the Act relieves any insurance company from liability for the release of information pursuant to section 3 (a), (b), or (d), 40 P.S. §1610.4.

Plaintiff argues that a private cause of action arises under the Act where an insurance company releases information to the state police or other authorized agency with malice. Plaintiff relies on section 4 which provides in part:

"Any insurance company, or person designated to act in its behalf; ... who shall release information, whether oral or written, pursuant to section 3(a), (b) or (d) shall be immune from liability arising out of a civil action and from criminal prosecution with respect to the release of such information, *unless there be actual malice.*" 40 P.S.   §1610.4. (emphasis added)

The language "unless there be actual malice" does not establish a private right of action. The immunity granted to an insurance company from liability for the release of information applies to actions existing outside of the Act. "Unless there be actual malice" merely establishes the circumstances under which immunity may be denied. No other language in the Act can be read to create liability with the exception of section 6, which makes it a criminal offense to violate any provision of the act.

Defendant demurs as well to Counts II, III, and IV, all entitled bad faith and based on the Actions on Insurance Policies Statute, 42 Pa.C.S. §8371. Defendant argues that section 8371 applies strictly to motor vehicle insurance.

Defendant relies on an unpublished memorandum decision from the Superior Court. The court held that a claim for special damages under section 8371 is precluded by the Pennsylvania Workmen's Compensation Act. While it was the opinion of the court that the enactment of section 8371 was intended to address specifically motor vehicle insurance, it does not provide sufficient authority to reverse our current analysis of section 8371.

(The majority of) this court has held in prior decisions that section 8371 applies to all insurance policies, not only automobile insurance policies, governed by the Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1701, and to which a peer review was conducted appropriately. To adopt defendant's interpretation in light of our current application of section 8371, would reduce the Act to a nullity. We hold therefore that the actions on insurance policies apply to plaintiff's homeowner's insurance.

Defendant moves separately to strike Counts II, III, and IV and Counts I and VI. Counts II, III, and IV are labeled "bad faith" and Counts I and VI are labeled breach of contract. Defendant maintains that plaintiff cannot state the same cause of action more than once, citing Pa.R.C.P., Rule 1020.

We conclude that the form of plaintiff's second, amended complaint does not violate Rule 1020 or any other Rules of Civil Procedure. Counts II, III, and IV allege different theories based on different facts, each of which on their stated facts set forth independently

or collectively a basis for recovery under section 8371. While plaintiff might be correct, she will only be entitled to one recovery under that section regardless of the number of theories alleged. The result will be no different if plaintiff stated these allegations under one count.

Similarly, Counts I and VI could have been joined under the same claim for breach of contract. Count VI was set apart from Count I to emphasize plaintiff's rights under the policy notwithstanding what Fred Roycroft, additional defendant, may have done.

Defendant moves for more specific pleading and to strike the ad damnum clauses under Counts II, III, and IV. Defendant contends that plaintiff demands relief for bad faith outside that which is enumerated under section 8371. Plaintiff argues that the list of allowable damages is not exclusive.

Section 8371 provides:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney's fees against the insurer." 42 Pa.C.S. §8371.

Section 8371 does not entitle plaintiff to any relief, other than interest, punitive damages, costs and attorney's fees. These are special damages in addition to an insured's claim. Count IV, bad faith, demands judgment in the amount of plaintiff's claim or $193,226, with interest and costs.

Section 8371 provides the exclusive remedy for bad faith in this context, limiting damages to interest, punitive damages, and/or costs and attorney's fees. The language of the Act permits the court to choose only among those remedies listed. Accordingly, we grant the motion to strike with leave to amend the ad damnum clause under Count IV: Counts II and III are properly pled.

Finally, defendant demurs to the demand for attorney's fees under Count I and Count VI, breach of contract. Plaintiff cannot recover attorney's fees from the opposing party unless a statute or an agreement between the parties provides for attorney's fees. Plaintiff's policy does not permit recovery of attorney's fees. Accordingly, we strike the demands for attorney's fees in Counts I and VI.

### ORDER

And now, to wit, September 20, 1993:

(1) Defendant's demurrer to the complaint is refused.

(2) Defendant's demurrer to Count V, breach of Arson Reporting Immunity Act is granted.

(3) Defendant's demurrer to Counts II, III, and IV is refused.

(4) Defendant's motion to strike Counts II, III, and/or IV and I and/or VI is refused.

(5) Defendant's motion to strike the claim for damages with respect to Count IV, with leave to amend, is granted and refused as to Counts II and III.

(6) Defendant's demurrer to the claim for attorney's fees in Counts I and VI is granted.

Plaintiff is directed to file amendments consistent with this order and opinion within 20 days of the date of this order.