Korbal v. Markel American Insurance Company

*William E. Averona,* for plaintiffs.
*Charles A. Harad,* for defendant.

RIZZO, *J.,* March 23, 2005—Appellants, Edward and Christine Korbal, timely appealed from an order of the Court of Common Pleas of Philadelphia issued on November 8, 2004, which sustained appellee Markel American Insurance Company's preliminary objections and dismissed the complaint with prejudice.

## FACTS AND PROCEDURAL HISTORY

On or about June 11, 2002, appellants suffered property damage to their home as the result of a broken pipe. Appellants' adjuster estimated the loss at $8,905 plus additional costs of $575 for plumbing, while appellee's adjuster placed the loss at $2,193. When such a discrepancy arises, the appellants' policy of insurance requires that two appraisers be appointed and those appraisers then agree to an umpire. The policy also provides that, in the event that the appraisers do not agree on an umpire, "the two appraisers will ask a judge of a court of record of the state in which the appraisal is pending to make the selection." See page 26, para. 13 of appellants' insurance contract with appellee attached to appellants' complaint.

Both parties' appraisers met and agreed that an umpire should be appointed. Appellants' complaint states that, on October 3, 2002, appellee's appraiser contacted appellants' appraiser suggesting umpires. Appellee alleges that appellants' appraiser did not respond (nor did appellants present evidence to this court that they had responded), and on November 7, 2002, appellee filed a petition to appoint an umpire. Consequently, an umpire was appointed by court order, dated December 17, 2002.[1]

Appellants filed their initial suit, April term 2003, no. 0478, alleging breach of contract and bad faith, on May 28, 2003. Appellants' basis for the bad faith claim stems from the allegation that appellants did not receive notice of the filing of the petition to appoint an umpire, and were thereby severely prejudiced. The bad faith count further states that appellee "improperly selected an umpire" with whom it had previously done business and who, therefore, could not be impartial. See specifically, exhibit "C" of appellee's preliminary objections to appellants' civil complaint, *Korbal v. Markel American Insurance Co.*, April term 2003, no. 0478, at para. 26. On the date of the scheduled arbitration of the initial suit, July 7, 2004, the plaintiff filed a praecipe to settle, discontinue and end, as reflected by the docket.

Appellants then commenced a second action, the instant court term and number, July term 2004, no. 1837, by filing a writ of summons on July 14, 2004, with the complaint being filed on August 18, 2004 (instant suit). The instant suit, based upon the same incident of prop-

---

1. See attached exhibit "A," the court order issued by the Honorable William J. Manfredi on December 17, 2002.

erty damage, raised the same counts as the initial suit, but added two counts for fraud and negligence. Appellants contend that both the negligence and fraud counts in the instant suit are based on information revealed just prior to the arbitration hearing of the initial suit on July 7, 2004. Appellee filed preliminary objections which this court sustained, dismissing the suit with prejudice. This court found that the negligence and fraud claims should have been raised in the initial suit, and that the instant suit only raised issues that had expired under the policy's two-year limitations period. (See legal discussion below.)

This timely appeal followed.

## SUMMARY OF ISSUES RAISED ON APPEAL[2]

In their statement of matters complained of on appeal, appellants argue that their instant suit was filed within the statute of limitations because the negligent activity, *i.e.,* appellee's alleged covert filing of the petition to appoint an umpire, occurred on November 7, 2002. Further, appellants allege that the fraudulent conduct was not revealed until the arbitration hearing, scheduled to take place on July 7, 2004.[3]

## LEGAL DISCUSSION

While a statute of limitations defense is ordinarily raised in the answer and new matter,[4] a court may rule

2. See attached exhibit "B" for appellants' full statement of matters complained of on appeal.

3. July 7, 2004, was the date of the scheduled arbitration in the initial suit, *Korbal v. Markel American Insurance Co.,* April term 2003, no. 0478.

4. Pa.R.C.P. 1030.

on such issue raised as a preliminary objection where the opposing party does not object and the issue can be determined on the face of the pleading. *Roycroft v. Nationwide Mutual Fire Insurance Co.,* 20 D.&C.4th 224, 227 (1993), citing *Ranker v. Skyline Corp.,* 342 Pa. Super. 510, 513, 493 A.2d 706, 707 (1985).

Pennsylvania courts honor the right of parties to a contract to modify the applicable statute of limitations provided the period of time is reasonable. See *Lyons v. Nationwide Insurance Co.,* 390 Pa. Super. 25, 567 A.2d 1100 (1989); *Roycroft v. Nationwide Mutual Fire Insurance Co.,* 20 D.&C.4th 224, 227 (1993).

Here, the insurance policy that existed between these parties contained a two-year limitations clause. That clause states the following:

"*(11) Suit against us*—No suit may be brought against 'us' unless all the 'terms' of this policy have been complied with and:

"(a) *Property coverages—The suit is brought within two years after the loss.*

"If a law of the state where the premises is located makes this time period invalid, the suit must be brought within the time period allowed by law."

With two years from the date of the loss falling on June 11, 2004, the "initial suit" was properly filed within the prescribed time period, but the "instant suit" was raised outside the two-year limitations period imposed by the policy.

Appellants argue that the limitations period must be tolled by the revelation of fraud, which came to light at the time of the arbitration scheduled with regard to the

first complaint on July 7, 2004. Appellants are correct to assert that, under Pennsylvania law, a cause of action for fraud does not trigger the running of a statute of limitation until such time as the fraud has been or should have been discovered by the exercise of due diligence. *Rothman v. Fillette,* 503 Pa. 259, 469 A.2d 543 (1983).

This court, however, properly sustained appellee's preliminary objection as to both Counts II and III of plaintiff's instant suit, as both the count for fraud and the count for negligence mirrored the bad faith claim in appellants' initial suit. The counts in *both complaints* argue that: (1) an umpire was decided upon without notice to appellants, *and* (2) that the umpire had previously worked with appellee and was therefore biased. (emphasis added)

As appellants failed to raise a "new" fraud or negligence claim in the instant suit, the statute of limitations applicable to the matter before this court is the two-year limitation as stated in the insurance policy. Thus, this court properly dismissed the instant suit with prejudice, as it was filed beyond the applicable limitations period.

Further, in violation of Pa.R.C.P. 1019, appellee's complaint lacks sufficient specificity in that it fails to state a claim for either fraud or negligence. This court is also constrained by the filing of the previous action which was voluntarily ended. Clearly, this court rightfully dismissed with prejudice appellants' complaint in the instant suit.

## CONCLUSION

After careful review of the record, this court finds no error which would warrant its ruling to be reversed, there-

fore this court's order of November 8, 2004, should be affirmed.

## EXHIBIT A

## ORDER

And now, December 17, 2002, upon review of the petition to appoint an umpire, it is hereby ordered and decreed that Tony Menna, P.O. Box 131, Palmyra, NJ 08065, is appointed to serve as umpire in this matter, and proceedings to resolve the issue of value of loss are to take place within 30 days of the date of this order.

## EXHIBIT B

## CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Plaintiffs, Edward and Christine Korbal, by their attorney, William E. Averona, Esquire allege the following matters complained of their appeal to this honorable court:

(1) No estoppel should be raised in this case, since the plaintiffs had two years from the time the defendant commenced its negligent activity, November 7, 2002, the date

that counsel for the defendant filed the improvident petition for appointment of an umpire.

(2) No testimony was taken at the trial of this case and no prejudice inured against the defendants.

(3) On the date of the trial, a subpoenaed witness appeared and told plaintiffs' counsel for the first time the nature and extent of the fraudulent actions existing between the defendant, its appraiser, and its umpire.

(4) An action in fraud against the party has a five-year statute of limitations.

(5) An action for bad faith has a two-year statute of limitations from the date that the bad faith was originated, in this case, the November 7, 2002 filing of the petition for appointment of umpire, which was never sent to the plaintiffs, and a December 15, 2002 order.

(6) Since no consideration was paid in the settlement of this case, the plaintiff had a right to refile the action within the applicable statute of limitations, that is, either by November 6, 2004, for bad faith or negligence, and November 6, 2007, for fraud.