■ ROBERT E. FILLET, Appellant, v. BERNARD F. CURRY, JR., Doing Business as CURRY MOTOR COMPANY, Respondent.— In an action to rescind the purchase of a new motor vehicle, based upon defendant's breach of an implied warranty of merchantability, plaintiff appeals from a judgment of the County Court, Westchester County, dated May 10, 1959, dismissing his complaint at the close of the entire case, after a jury trial. Judgment affirmed, with costs. Plaintiff purchased a motor vehicle from defendant, an authorized dealer. Plaintiff was given a parts warranty under which defendant guaranteed the parts for 90 days or 4,000 miles, whichever occurred first. The day following the delivery of the vehicle and every day thereafter (with few exceptions) plaintiff had difficulty starting the automobile. Within a period of about three weeks following delivery defendant replaced the battery, the voltage regulator and the generator; but the difficulties persisted. About five weeks after delivery plaintiff brought the automobile to defendant for a 1,000-mile inspection. At that time the speedometer registered 1,356 miles. Being dissatisfied with the attempted adjustment, plaintiff demanded of defendant the return of the purchase price, and upon defendant's refusal brought this action for rescission. After trial before a jury the court

dismissed the complaint on the ground that there was no implied warranty of merchantability. We do not agree with the learned trial court that there is no implied warranty of merchantability. In our opinion such a warranty accompanied the sale of the automobile (Personal Property Law, § 96, subd. 2; *Bencoe Exporting & Importing Co.* v. *McGraw Tire & Rubber Co.*, 212 App. Div. 136; *Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *Kelvinator Sales Corp.* v. *Quabbin Improvement Co.*, 234 App. Div. 96; *Marino* v. *Maytag Atlantic Co.*, 141 N. Y. S. 2d 432). We are of the opinion, however, that the evidence adduced fails as a matter of law to establish a breach of the warranty of merchantability (cf. *Adams* v. *Peter Tramontin Motor Sales*, 42 N. J. Super. 313). Beldock, Acting P. J., Ughetta, Pette and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: There was sufficient evidence, offered by the plaintiff, to warrant a finding by the jury that, when the automobile was delivered, it could not be started without a push, or a charging of the battery. Even when plaintiff, at defendant's suggestion, refrained from using the lights, radio, and electric hand signal, the car could not be started. Plaintiff gave defendant a reasonable opportunity to put the car into good working condition. After all of defendant's efforts had failed to remove the difficulty, plaintiff tendered the return of the car, and demanded a refund of the purchase price. Under all the circumstances, whether there was a breach of the warranty of merchantability, is an issue of fact which should have been submitted to the jury.