ZAHLER v STAR STEEL SUPPLY COMPANY

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—TOLLING—CONTRACTS—SALES—BREACH OF
   CONTRACT—ATTEMPTS TO REMEDY.

   Mere attempts by a seller to remedy defects in goods which give
   rise to a cause of action do not toll the statute of limitations
   that applies to an action for breach of any contract for sale
   (MCLA 440.2725).

2. CONTRACTS—SALES—BREACH OF WARRANTY—ACTION—ACCRUAL
   DATE—LIMITATION OF ACTIONS.

   A cause of action for breach of warranty in any contract for sale
   accrues upon tender of delivery of the goods or the first oppor-
   tunity to discover the breach, depending on the type of war-
   ranty, and the cause of action must be commenced within four
   years after the cause of action has accrued; therefore, a suit for
   breach of warranty was clearly beyond the four-year statutory
   requirement where the complaint was filed in April, 1969 and
   the installation of the goods was completed in April, 1964 with
   discovery of breach made in July, 1964 (MCLA 440.2725).

3. LIMITATION OF ACTIONS—TOLLING—DISMISSAL WITHOUT PREJUDICE
   —NO PROGRESS.

   A statute is tolled during the pendency of a suit which is
   subsequently dismissed without prejudice even if the dismissal
   is for no progress; however, if the prior action was barred, a
   subsequent suit is also barred.

DISSENT BY V. J. BRENNAN, P. J.

4. CONTRACTS—SALES—BREACH OF WARRANTY—ACTION—ACCRUAL
   DATE.

   *The long-standing rule in Michigan is that the accrual of a cause*
   *of action for breach of warranty in any contract for sale must*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 6] 51 Am Jur 2d, Limitation of Actions § 42.
[2, 4, 5] 51 Am Jur 2d, Limitation of Actions § 146 *et seq.*

*await a reasonable opportunity for the seller to discover the defect is embodied in both the UCC and the RJA; a breach in a warranty on air conditioning units sold in the spring that they would cool apartments adequately could not be discovered until the first summer season, hence when the units began to malfunction in July of the first summer of use, that is when the cause of action accrued (MCLA 440.2725[2], 600.5833).*

5. LIMITATION OF ACTIONS—TOLLING—CONTRACTS—SALES—BREACH OF WARRANTY—ATTEMPTS TO REMEDY.

*Representations by a seller of air conditioning units in Michigan that repairs will make the units comply with the warranty covering the units should toll the statute of limitations requiring an action for breach of any contract for sale to commence within four years after the cause of action accrued during the period in which the seller maintains such representations, until such assurances were abandoned by the purchaser, because this is a situation where warrantied equipment is only used a month or so each year and it is conceivable that the discovery of a defective unit may not be for a year after purchase because the weather did not require its use during that time; the seller should not be permitted to lull a buyer into inaction by assurances that his merchandise will be repaired, and at the same time claim the benefit of the running of the statute of limitations (MCLA 440.2725).*

6. LIMITATIONS OF ACTIONS—TOLLING—DISMISSAL WITHOUT PREJUDICE —NO PROGRESS.

*A statute is tolled during the pendency of a suit which is subsequently dismissed without prejudice even if the dismissal is for no progress.*

Appeals from Wayne, Joseph G. Rashid, and John D. O'Hair, JJ. Submitted Division 1 April 6, 1973, at Detroit. (Docket No. 14819.) Decided November 1, 1973.

Complaint by Abraham Zahler and Harry F. Zahler against Star Steel Supply Company and Luxaire, Inc., for breach of warranty. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Katsoulos & Gillis,* for plaintiffs.

*Dykema, Gosset, Spencer, Goodnow & Trigg* (by *W. A. Steiner, Jr.),* for defendant Luxaire, Inc.

*Biretta & Heidemann* (by *Carl Beltz),* for defendant Star Steel Supply Company.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

BASHARA, J. Plaintiffs purchased 23 air conditioning units for an apartment complex from defendant Star Steel Company, the area distributor for defendant Luxaire, Inc., the manufacturer of the units. Installation of these units was completed in April, 1964. The units were covered by an initial one-year replacement warranty against defective materials or workmanship.

Approximately three months later, in July, 1964, the air conditioning units began to malfunction. Representatives of Luxaire made several recommendations for modification which it was thought would correct the problems. Such changes were made, but in the following summer season, July, 1965, the units again began to fail. Under an extension of its warranty, Luxaire replaced 17 units between July, 1965, and the summer of 1967. In September, 1967, Luxaire notified plaintiffs that no further units would be replaced. In July, 1968, plaintiffs experienced further difficulties and were forced to replace the compressors in ten more units.

Plaintiffs commenced an action against these defendants in April of 1969, regarding these same events. This case was dismissed, without prejudice, for lack of progress in July of 1970. The instant suit was commenced in December of 1971.

Defendants sought and were granted accelerated judgment on the grounds that plaintiffs' action

was barred by the applicable statute of limitations, GCR 1963, 116.1(5). Plaintiffs now appeal challenging that determination.

The applicable statute of limitations is from the Michigan Uniform Commercial Code and provides, in pertinent part, as follows:

> "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.
>
> "(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
>
>       \*    \*    \*
>
> "(4) This section does not alter the law on tolling of the statute of limitations \* \* \* ." (MCLA 440.2725; MSA 19.2725.)

Plaintiffs first assert that the statute of limitations was tolled during the period defendants attempted to repair the units. MCLA 440.2725 (4) states that the Uniform Commercial Code has no effect on tolling, leaving such matters to the applicable state law.

A review of precedent nationally reveals a split of authority between the few states which have considered the question. Some jurisdictions are of the opinion that attempts by the seller to repair goods do not operate to toll the statute of limitations. *Lewis v Jacobsen,* 30 Pa D & C 2d 623; 1 UCC Rep 194 (1962); *Thalrose v General Motors,* 8 UCC Rep 1257 (NY S Ct, 1971); *Bobo v Page*

*Engineering Co,* 285 F Supp 664 (WD Pa, 1967), aff'd 395 F2d 991 (CA 3, 1968); *Binkley Co v Teledyne Mid-America Corp,* 333 F Supp 1183 (ED Mo, 1971). See *Aced v Hobbs-Sesack Plumbing Co,* 55 Cal 2d 573; 12 Cal Rptr 257; 360 P2d 897 (1961), for the opposite view. We are persuaded that the former group of cases set forth the better rule. Mere attempts by the seller to remedy the defects which give rise to the cause of action do not toll the statute of limitations.

The fact that the statute was not tolled requires a finding that the present action is barred. Under MCLA 440.2725 (2) the cause of action for breach of warranty accrues upon tender of delivery or the first opportunity to discover the breach, depending on the type of warranty. In the case at bar, installation was completed in April of 1964 with discovery of breach made in July, 1964. Using either of these dates for accrual of the cause of action, the suit is clearly beyond the four-year statutory requirement as the complaint was filed in April, 1969.

Plaintiffs also contend, correctly, that the statute was tolled during the pendency of the prior action between these parties. This Court has recently held that the statute is tolled during the pendency of a suit which is subsequently dismissed without prejudice even if the dismissal is for no progress. *Stewart v Michigan Bell Telephone Co.,* 39 Mich App 360; 197 NW2d 465 (1972). However, the prior action being barred, the subsequent suit is also barred.

Affirmed. Costs to defendants.

DANHOF, J., concurred.

V. J. BRENNAN, P. J. *(dissenting).* Plaintiffs pur-

chased 23 air conditioning units for an apartment complex from defendant Star Steel Company, the area distributor for defendant Luxaire, Inc., the manufacturer of the units. Installation of these units was completed in April, 1964. The units were covered by an initial one-year warranty against defective materials or workmanship.

Approximately three months later, in July, 1964, the air conditioning units began to malfunction. Representatives of Luxaire made several recommendations for modification which it was thought would correct the problems. Such changes were made, but in the following summer season, July, 1965, the units again began to fail. Under an extension of its warranty, Luxaire replaced 17 units between July, 1965, and the summer of 1967. In September, 1967, Luxaire notified plaintiffs that no further units would be replaced. In July, 1968, plaintiffs experienced further difficulties and were forced to replace the compressors in ten more units.

Plaintiffs commenced a cause of action against these defendants in April of 1969, regarding these same events. This case was dismissed, without prejudice, for lack of progress in July of 1970. The instant suit was commenced in December of 1971.

Defendants sought and were granted accelerated judgment on the grounds that plaintiffs' action was barred by the applicable statute of limitations, GCR 1963, 116.1(5). Plaintiffs now appeal challenging that determination.

The applicable statute of limitations is from the Michigan Uniform Commercial Code and provides, in pertinent part, as follows:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the

parties may reduce the period of limitation to not less than 1 year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*    *    *

"(4) This section does not alter the law on tolling of the statute of limitations * * * ." (MCLA 440.2725; MSA 19.2725.)

Plaintiffs' complaint is essentially an action for damages for breach of a warranty of fitness. The longstanding Michigan rule, that the accrual of a cause of action for breach of warranty must await a reasonable opportunity for the seller to discover the defect *(Felt v Reynolds,* 52 Mich 602; 18 NW 378 [1884]) is embodied in both the Uniform Commercial Code, *supra,* § 2, and the Revised Judicature Act (MCLA 600.5833; MSA 27A.5833). Assuming that defendants had warranted the air conditioning units would cool plaintiffs' apartments adequately, a breach of that warranty could not be discovered until the first summer season. (See *Perry v Augustine,* 37 Pa D & C 2d 416; 3 UCC Rep 735 [1965].) The air conditioning units here in question first began to malfunction in July of 1964. From the record before us it therefore appears that the breach either was or should have been discovered at that time, hence that is when plaintiffs' cause of action accrued.

I must next consider whether the statute of limitations was tolled for any reason. The Uniform Commercial Code has no effect on tolling (see § 4, *supra).* The plaintiffs allege that the defendants

repaired the air conditioning units and assured plaintiffs that such repairs would cure the defects. Plaintiffs allege that such assurances continued from July of 1964 to September of 1967. Neither I, nor the parties, have discovered any Michigan case law on the effect of such assurances on the tolling of the statute of limitations. Consulting other jurisdictions reveals a split of authority. Some jurisdictions are of the opinion that attempts by the seller to repair merchandise do not operate to toll the statute of limitations. *Lewis v Jacobsen,* 30 Pa D & C 2d 623; 1 UCC Rep 194 (1962), *Thalrose v General Motors,* 8 UCC Rep 1257 (NY S Ct, 1971), *Bobo v Page Engineering Co,* 285 F Supp 664 (WD Pa, 1967), *aff'd* 395 F2d 991 (CA 3, 1968), *Binkley Co v Teledyne Mid-America Corp,* 333 F Supp 1183 (ED Mo, 1971). Other courts have taken the position that attempts to repair do toll the statute. *Aced v Hobbs-Sesack Plumbing Co,* 55 Cal 2d 573; 12 Cal Rptr 257; 360 P2d 897 (1961). A third popular position is that if the seller represents that repairs will make the subject goods comply with the warranty, then the statute is tolled during the period in which the seller maintains such representations. *Bowman v Oklahoma Natural Gas Co,* 385 P2d 440 (Okla, 1963); *Mid City Finance Co v Coleman,* 232 So 2d 918 (La App, 1970).

Because of the limited use of air conditioning units in Michigan and further because of the obvious failures here to operate even for those short periods each summer that they were so called upon to operate, I am persuaded that, in situations similar to this where warrantied equipment is only used a month or so each year—as opposed to warrantied equipment that is continually being used throughout the year, the latter group of cases set forth the better rule. In some

instances it is conceivable that the discovery of a defective air conditioning unit may not be for a year after purchase because the weather did not require its use during that time. The seller should not be permitted to lull a buyer into inaction by assurances that his merchandise will be repaired, and at the same time claim the benefit of the running of the statute of limitations. I therefore hold that if in fact the defendants did make such assurances, the statute was tolled until such assurances were abandoned by the defendants.

Plaintiffs also contend, correctly, that the statute was tolled during the pendency of the prior cause of action between these parties. This Court has recently held that the statute is tolled during the pendency of a suit which is subsequently dismissed *without prejudice* even if the dismissal is for no progress. *Stewart v Michigan Bell Telephone Co.,* 39 Mich App 360; 197 NW2d 465 (1972).

I would reverse and remand for proceedings not inconsistent with this opinion.