163 N.J. Super. 570 (1978)
395 A.2d 521
BIOCRAFT LABORATORIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
USM CORPORATION, A CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1978.
Decided November 17, 1978.
*571 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Steven Kaplan argued the cause for appellant (Messrs. Franzblau, Falkin & DiMarzio, attorneys).
Mr. James F. Keegan argued the cause for respondent (Pitney, Hardin & Kipp, attorneys; Mr. Keegan and Mr. Robert J. Schoenberg on the brief).
The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiff purchased a capsule filling machine from defendant which was delivered on or about April 10, 1972. On September 8, 1976 it filed this action against defendant for breach of contract and breach of warranty, seeking damages and rescission of the contract. Defendant affirmatively pleaded the defense that the UCC four-year statute of limitations, N.J.S.A. 12A:2-725, had run and moved for summary judgment on this basis. In opposition to the motion plaintiff alleged that defendant was estopped from raising the defense. The motion for summary judgment was granted, and plaintiff appeals.
*572 Plaintiff contends that (1) the statute of limitations was tolled during the period in which defendant attempted to cure and repair defects in the machine, and (2) defendant is estopped from asserting the defense because of its conduct.
The statute of limitations concerning sales transactions is set forth in N.J.S.A. 12A:2-725 as follows:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
* * * * * * * *
(4) This section does not alter the law on tolling of the statute of limitations * * *.
Absent an explicit warranty extending to future performance, the four-year statute of limitations would be calculated from April 10, 1972. The making of repairs would not by itself toll the statute, in our view. Although this issue has not been decided in New Jersey previously, this principle is supported elsewhere. Binkley Co. v. Teledyne Mid-America Corp., 333 F. Supp. 1183 (E.D.Mo. 1971), aff'd 460 F.2d 276, 277 (8 Cir.1972); Bobo v. Page Engineering Co., 285 F. Supp. 664, 667 (W.D.Pa. 1967), aff'd o.b., 395 F.2d 991 (3 Cir.1968); Zahler v. Star Steel Supply Co., 50 Mich. App. 386, 389-390, 213 N.W.2d 269, 270 (Ct. App. 1973). We note however, that there is authority for the view that the statute is tolled when "one who has breached a warranty claims that the defect can be repaired and attempts to make repairs." Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 585, 12 Cal. Rptr. 257, 264, 360 P.2d 897, 904 (Sup. Ct. 1961); see Bowman v. Oklahoma Natural Gas Co., 385 P.2d 440, 445-446 (Okl. *573 Sup. Ct. 1963); Annotation, "Promises or Attempts by Seller to Repair Goods as Tolling Statute of Limitations for Breach of Warranty," 68 A.L.R.3d 1277 (1976).
In the case at hand, in opposition to defendant's motion for summary judgment, plaintiff has asserted facts upon which it contends that defendant should be estopped from successfully pleading the statute of limitations. Plaintiff contends that it withheld instituting legal action, which had been threatened by its attorney's letter of December 10, 1975, in reliance on certain promises made by defendant which were not fulfilled. On January 6, 1976 defendant made certain modifications to the machine and thereafter wrote plaintiff that defendant assumed that its conduct removed the threat of litigation. In these circumstances we conclude that summary judgment should not have been entered against plaintiff. A plenary hearing should have been held to determine whether the conduct of the parties would equitably bar defendant's assertion of the statute of limitations in defense. See State v. United States Steel Corp., 22 N.J. 341, 357-360 (1956); Annotation, "Promises to Settle or Perform as Estopping Reliance on Statute of Limitations," 44 A.L.R.3d 482, 488, 505-506 (1972); cf. Allen v. Evesham Tp. Planning Bd., 137 N.J. Super. 359, 363-364 (App. Div. 1975).
Reversed and remanded. We do not retain jurisdiction.