■ BLANCHE MEROLA, Appellant, v ATLAS LINCOLN MERCURY, INC., Respondent. (And a Third-Party Action.)—Appeal by plaintiff from an order of the Supreme Court, Kings County, entered March 9, 1979, which, *inter alia,* (1) vacated plaintiff's demand for a jury trial and (2) directed that the action be transferred to the equity part of the Supreme Court. Order reversed, with $50 costs and disbursements, and action is remitted to the Supreme Court, Kings County, where it is to be placed on the Trial Calendar in the order it appeared prior to the transfer. In her complaint plaintiff alleges, *inter alia,* that after purchasing a new automobile from the defendant auto dealer for over $11,000, it suffered repeated electrical failures which required, on numerous occasions, that it be towed and the battery recharged. The complaint also alleges that although defendant made repeated efforts to correct the condition, and had assured plaintiff it had done so, electrical failures continued to occur until she returned the vehicle to defendant approximately nine months after she purchased it, and that at the time she returned it, she demanded, *inter alia,* that the sale be rescinded for breach of warranty of merchantability and fitness and that the purchase price be returned. Based on such allegations we are of the opinion that this is an action at law to recover the purchase price following a "revocation of acceptance" rather than one for rescission (see *Stream v Sportscar Salon,* 91 Misc 2d 99; Uniform Commercial Code, § 2-711; cf. *Fillet v Curry,* 12 AD2d 519). Accordingly, the action should be placed back on the Trial Calendar in the order it appeared before Trial Term erroneously

transferred it to the Equity Calendar. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.