HENDERSON v CHRYSLER CORPORATION

Docket No. 117813. Submitted December 19, 1990, at Detroit. Decided October 7, 1991, at 9:00 A.M. Leave to appeal sought.

Robert H. Henderson brought an action in the Macomb Circuit Court against Colonial Dodge, Inc., and Chrysler Corporation, seeking revocation of acceptance of a truck manufactured by Chrysler and purchased from Colonial or damages for breach of contract and breach of warranty. The matter was removed to the 41-A District Court after a mediation finding that the damages were less than the jurisdictional limit of the circuit court. The district court, Thomas W. McDonell, J., denied a motion to dismiss for lack of jurisdiction, and a jury returned verdicts for the plaintiff of $7,494.46 against Chrysler and $788 against Colonial. Chrysler appealed, and the Macomb Circuit Court, Frederick D. Balkwill, J., affirmed, holding that the plaintiff's claim for revocation of acceptance pursuant to the Uniform Commercial Code was a remedy at law that was within the jurisdiction of the district court and was available against Chrysler as well as against Colonial. Chrysler appealed to the Court of Appeals by leave granted.

The Court of Appeals *held:*

Revocation of acceptance pursuant to the Uniform Commercial Code is a remedy at law that is within the jurisdiction of a district court to grant. However, that remedy is not available against a manufacturer that is not in privity of contract with the purchaser. The existence of a manufacturer's warranty does not create the necessary privity of contract between a manufacturer and a purchaser. Because the only link between the plaintiff and Chrysler was the manufacturer's warranty and the plaintiff at trial voluntarily abandoned his claim to enforce the warranty, the judgment against Chrysler must be dismissed.

Reversed and remanded.

REFERENCES

Am Jur 2d, Sales §§ 1192-1195.

See the Index to Annotations under Automobiles and Highway Traffic; Manufacturers and Manufacturing; Privity; Uniform Commercial Code; Warranties.

Gribbs, P.J., concurring in part and dissenting in part, stated that revocation of acceptance pursuant to the UCC is an action at law that is within the jurisdiction of a district court and is a remedy that can be used by a purchaser seeking recovery from the manufacturer of a vehicle where there is a manufacturer's warranty, because the warranty supplies a sufficient link between the purchaser and the manufacturer to satisfy the privity of contract requirement of the UCC provision governing revocation of acceptance.

1. SALES — CONTRACTS — REVOCATION OF ACCEPTANCE — REMEDIES — UNIFORM COMMERCIAL CODE — DISTRICT COURTS.

Revocation of acceptance pursuant to the Uniform Commercial Code is a legal remedy that is within the jurisdiction of a district court to grant (MCL 440.2608; MSA 19.2608).

2. SALES — CONTRACTS — REVOCATION OF ACCEPTANCE — REMEDIES — UNIFORM COMMERCIAL CODE — WARRANTIES.

Revocation of acceptance pursuant to the Uniform Commercial Code is a remedy that is inextricably connected to the contractual relationship between a buyer and a seller; it is not a remedy available against a manufacturer where there is no privity of contract between the manufacturer and a buyer seeking relief from a purchase of the manufacturer's product; the existence of a manufacturer's warranty does not create the type of contractual privity necessary to permit the use of the UCC provision governing revocation of acceptance (MCL 440.2608; MSA 19.2608).

*UAW-GM Legal Services Plan* (by *Frederick L. Miller*), for the plaintiff.

*Clark & Knight, P.C.* (by *John W. Knight*), for the defendant.

Before: GRIBBS, P.J., and MACKENZIE and JANSEN, JJ.

JANSEN, J. Chrysler Corporation appeals by leave granted a Macomb Circuit Court order affirming judgment for plaintiff in this action for revocation of an automobile sale pursuant to Article 2 of the Uniform Commercial Code, MCL 440.2101 *et seq.*; MSA 19.2101 *et seq.* On appeal,

Chrysler alleges that the district court lacked jurisdiction because an action for revocation of acceptance is equitable in nature and the remedy of revocation of acceptance is not available against the manufacturer. We hold that while the district court had subject-matter jurisdiction, the remedy of revocation of acceptance is not available against a manufacturer that is not in privity of contract with the purchaser.

In January 1982, plaintiff purchased from Colonial Dodge, Inc., a truck manufactured by Chrysler. At the time of the sale, plaintiff received a written warranty for the vehicle from Chrysler. The dealer explicitly disclaimed liability under Chrysler's warranty. Sometime after plaintiff accepted the truck, it began to have engine-related difficulties. Plaintiff attempted on numerous occasions, but without success, to have the truck repaired. Eventually, plaintiff filed in the Macomb Circuit Court an action for rescission, naming both Chrysler and Colonial as defendants, seeking to revoke acceptance of the vehicle and claiming breach of contract and breach of warranty.

The case was removed to district court after mediation upon a finding that the damages were below the jurisdictional limit for circuit court. The district court denied Chrysler's motion for dismissal based on lack of subject-matter jurisdiction. The case proceeded to trial, and the jury found in favor of plaintiff and awarded $7,494.46 plus interest and costs against Chrysler and $788 against Colonial. Chrysler's motion for a judgment notwithstanding the verdict or for a new trial was denied.

First, we affirm the trial court's finding that the district court had subject-matter jurisdiction. Although plaintiff's claim was referred to as rescission in the complaint, it is apparent that plaintiff

was asserting revocation of acceptance of a motor vehicle sales contract pursuant to art 2, § 608 of the UCC, MCL 440.2608; MSA 19.2608, which provides:

> (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it
>
> (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>
> (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
>
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
>
> (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Chrysler correctly asserts that rescission is an equitable remedy and that the UCC no longer provides for rescission, but rather substitutes revocation of acceptance. See *Ramirez v Autosport,* 88 NJ 277, 288; 440 A2d 1345 (1982); *Peppler v Kasual Kreations, Inc,* 416 So 2d 864 (Fla App, 1982). However, as noted by the circuit court, unlike rescission, revocation of acceptance gives a buyer a security interest in the goods in his possession or control for the purchase price. The buyer may resell the goods to recover damages, MCL 440.2711(3); MSA 19.2711(3), or may continue to use the goods in order to mitigate damages. *Fargo Machine & Tool Co v Kearney & Trecker Corp,*

428 F Supp 364, 378 (ED Mich, 1977). Revocation of acceptance is a statutory remedy, limited by the terms of the statute and only available if the statutory conditions are satisfied. Thus, unlike rescission, revocation of acceptance is not based on the discretion of the court. While there may be similarities between rescission and revocation of acceptance, we believe revocation of acceptance is more properly classified as an action at law. Accord *Koperski v Husker Dodge, Inc,* 208 Neb 29, 36-37; 302 NW2d 655 (1981); *Sudol v Rudy Papa Motors,* 175 NJ Super 238; 417 A2d 1133 (Passaic Co Dist Ct, 1980); *General Motors Acceptance Corp v Jankowitz,* 216 NJ Super 313; 523 A2d 695 (1987); *Merola v Atlas Lincoln Mercury, Inc,* 70 AD2d 950; 417 NYS2d 775 (1979).

Second, Chrysler also contends that an action for revocation of acceptance is not available against the manufacturer because there is no privity. We agree.

Revocation of acceptance under UCC 2-608, MCL 440.2608; MSA 19.2608, is typically utilized against an immediate seller. This section allows a buyer to revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him. There is nothing to indicate that the Legislature intended the revocation of acceptance of a contract to apply to parties not in privity of contract. Acceptance under the UCC concerns the relationship between a buyer and a seller, MCL 440.2606; MSA 19.2606. Thus, revocation is inextricably connected to the contractual relationship between a buyer and a seller. This rationale includes the concept of contractual privity between the parties. On the basis of this statute's language and clear implication, we follow the opinions of a majority of other courts that have held that the remedy of revocation of acceptance is

not available against a manufacturer. *Seekings v Jimmy GMC of Tucson, Inc,* 130 Ariz 596; 638 P2d 210 (1981); *Wright v O'Neal Motors, Inc,* 57 NC App 49; 291 SE2d 165 (1982); *Noice v Paul's Marine & Camping Center, Inc,* 5 Ohio App 3d 232; 451 NE2d 528 (1982); *Ayanru v General Motors Acceptance Corp,* 130 Misc 2d 440; 495 NYS2d 1018 (1985); *Voytovich v Bangor Punta Operations, Inc,* 494 F2d 1208 (CA 6, 1974).

This determination does not mean that a typical purchaser of a motor vehicle is left without a remedy. Recourse against manufacturers of new motor vehicles may be had through other Michigan statutes. MCL 257.1402; MSA 9.2705(2) provides that if a new motor vehicle has any defect or condition that impairs the use or value of the new vehicle, the manufacturer has a duty to repair the defect or condition. MCL 257.1403; MSA 9.2705(3) provides that if a reported defect or condition is not rectified after a reasonable number of repairs, a manufacturer has the option to either replace the new motor vehicle or accept return of the vehicle and refund the full purchase price. The existence of this statute obviates the need to stretch contractual privity in order to permit the use of the UCC remedy of revocation of acceptance against a manufacturer.

We disagree with the position taken in the dissenting opinion, which premises the extension of the availability of the remedy of revocation of acceptance on the existence of a manufacturer's warranty. We would find that, as a matter of policy, a manufacturer's warranty and a retail sales contract are not so closely linked in terms of subject matter and time of delivery that they constitute a single unit. Contra *Volkswagen of America, Inc v Novak,* 418 So 2d 801 (Miss, 1982). The fact that a manufacturer may be liable under

its warranty provisions does not change the fundamental nature of the revocation remedy as being contractually based. We would not expose a manufacturer to essentially contractual liabilities and remedies on the basis that they provide other protections in the form of warranties. Actions against a manufacturer of a motor vehicle can be based on other specific state statutes. MCL 257.1401 *et seq.*; MSA 9.2705(1) *et seq.* Therefore, we would leave plaintiff with his cause of action and remedies under the warranty. The extension of a contractual obligation as set forth in the dissenting opinion could have widespread effect on a number of manufacturers in various fields. On the facts of the present case, we would not create such an extensive potential for liability. Thus, we hold that the privity requirement precludes seeking the UCC remedy of revocation of acceptance against a distant manufacturer.

Because plaintiff voluntarily abandoned at trial his claim to enforce the warranty provision, we reverse and remand to the trial court for entry of a dismissal of the judgment against defendant.

Reversed and remanded. We do not retain jurisdiction.

MACKENZIE, J., concurred.

GRIBBS, P.J. *(concurring in part and dissenting in part).* I agree with the majority that revocation of acceptance is an action at law and that the district court had subject-matter jurisdiction in this case.

However, I would find that revocation of acceptance is available against the manufacturer. This Court has held that, in breach of warranty actions, a "contractual relationship" can be said to exist between a remote manufacturer and a retail pur-

chaser where, as here, the manufacturer extends an express warranty. *Great American Ins Co v Paty's, Inc,* 154 Mich App 634, 641; 397 NW2d 853 (1986).

Although not a majority view, there are cases in other jurisdictions in line with existing Michigan law. The court in *Durfee v Rod Baxter Imports, Inc,* 262 NW2d 349, 357 (Minn, 1977), found the existence of a warranty significant when the defendant, Saab-Scania, argued that it had no direct contractual link with the plaintiff:

> The existence and comprehensiveness of a warranty undoubtedly are significant factors in a consumer's decision to purchase a particular automobile. Saab-Scania evidently warrants its automobiles to increase retail sales and indirectly its own sales of Saab automobiles. When the exclusive remedy found in a warranty fails of its essential purpose and when the remaining defects are substantial enough to justify revocation of acceptance, we think the buyer is entitled to look to the warrantor for relief. If plaintiff had sued Saab-Scania for breach of either express warranty or implied warranty, the absence of privity would not bar the suit despite the language of the pertinent Code sections. *McCormack v Hankscraft Co Inc,* 278 Minn 322, 337; 154 NW2d 488, 499 (1967); *Beck v Spindler,* 256 Minn 543, 557; 99 NW2d 670, 679 (1959). See generally, *Milbank Mutual Ins Co v Proksch,* 244 NW2d 105, 109 [Minn, (1976)]. We see no reason why the result should differ merely because plaintiff has chosen to revoke his acceptance instead of suing for breach of warranty. The remedies of the Code are to be liberally administered. Minn.St. 336.1-106(1). [UCC 1-106, see MCL 440.1106; MSA 19.1106.]

The same reasoning led the court in *Volkswagen of America, Inc v Novak,* 418 So 2d 801, 804 (Miss, 1982), to reject the manufacturer's claim that it

was not liable in an action for revocation of acceptance:

> VWoA argues however that they were not a party to the sales contract, therefore, revocation of acceptance and return of the purchase price is not available because they are not "sellers" as defined by Miss.Code Ann. § 75-2-103(1)(d) (1972). [UCC 2-103(1)(2), see MCL 440.2103(1)(d); MSA 19.2103(1)(d)]. While the argument is somewhat persuasive, we are nevertheless of the opinion that the retailers sales contract accompanied by the manufacturer's warranty, are so closely linked both in time of delivery and subject matter, that they blended into a single unit at the time of sale. We are fortified in this statement by the general observance that sales are usually made, not only upon the make and model of the automobile, but also upon the assurance of the manufacturer, through its warranty, that the vehicle will conform to the standards of merchantability.

In this case, too, the lower court found that because plaintiff could sue Chrysler for breach of warranty without regard to privity, Chrysler should be subject to the legal remedy of revocation of acceptance. I believe this is consistent with the UCC, which provides that where a limited warranty fails in its essential purpose, a plaintiff may seek remedies as provided by the UCC. MCL 440.2719; MSA 19.2719. Plaintiff's warranty in this case was given by Chrysler and was essentially part of the sales transaction.

The majority disingenuously suggests that "a typical purchaser of a motor vehicle" is not left without a remedy. The "lemon law" cited in the majority opinion, MCL 257.1402; MSA 9.2705(2), did not become effective until 1986, long after the plaintiff here purchased his truck in 1982. I decline to second-guess the strategy decisions made

by counsel in this unsettled area of law, but note that all other remedies are now foreclosed by the passage of time.

Moreover, I believe the Legislature, by enacting MCL 257.1402; MSA 9.2705(2), endorsed the minority view that existence of warranty liability between the manufacturer and the buyer is a sufficient link to invoke the remedy of revocation of acceptance.

I would affirm.