Joseph ROKICSAK, Plaintiff,

v.

COLONY MARINE SALES AND SER-
VICE, INC., a Michigan Corporation,
Caterpillar, Inc., a Delaware Corpora-
tion, and Sea Ray Boats, Inc., a Ten-
nessee Corporation, Defendants.

No. 01–CV–74561.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 13, 2002.

Steven W. Lehto, Adam S. Alexander, Farmington Hills, MI, for Joseph Rokicsak.

Brian J. Miles, D'Luge, Miles, Mount Clemens, MI, for Colony Marine Sales and Service, Inc.

Victor T. Van Camp, Martin, Bacon, Mount Clemens, MI, for Caterpillar, Inc.

Brian J. Miles, Cheryl A. Cameron, D'Luge, Miles, Mount Clemens, MI, for Sea Ray Boats, Inc.

## OPINION AND ORDER GRANTING DEFENDANT COLONY MARINE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

STEEH, District Judge.

Defendant Colony Marine Sales and Service, Inc. moves for summary judgment of plaintiff Joseph Rokicsak's claims of breach of express and implied warranties, and revocation of acceptance. For the reasons set forth below, Colony Marine's motion for summary judgment will be GRANTED.

### I. Background

Plaintiff Joseph Rokicsak filed a complaint in Michigan's Macomb County Circuit Court on November 1, 2001 alleging he purchased a 1998 Sea Ray 450 Sundancer boat from defendant Colony Marine that was manufactured by defendant Sea Ray Corporation, and fitted with an engine manufactured by defendant Caterpillar, Inc.. Plaintiff alleges the boat was defective, particularly the engine. The matter was removed to federal court based on federal question jurisdiction over plaintiff's Magnuson–Moss Warranty Act ("MMA") claims, 15 U.S.C. §§ 2301 *et seq.*.

Plaintiff filed a February 20, 2002 First Amended Complaint alleging he purchased the boat for approximately $418,800.00, and that the boat was delivered on May 24, 1999. Count I of the First Amended Complaint alleges breach of express and implied warranties as against each defendant. Count II alleges revocation of acceptance as against Colony Marine. Count III alleges violations of Michigan's Consumer Protection Act, M.C.L. §§ 445.901 *et seq.* as against all defendants. Count IV alleges liability under the MMA as against all defendants.

### II. Colony Marine's Motion for Summary Judgment

Colony Marine, as the seller, moves for summary judgment of Count I alleging breach of express and implied warranties, and Count II alleging revocation of acceptance under M.C.L. § 440.2608 of Michigan's version of Article 2 of the Uniform Commercial Code, M.C.L. §§ 440.2101 *et seq.*. Colony Marine argues that all warranties, both express and implied, were disclaimed under a January 22, 1998 written Purchase Agreement signed by plaintiff. Colony Marine also argues that, absent a written warranty, plaintiff cannot prevail on a claim of revocation of acceptance as a matter of law. Colony further argues that plaintiff's claims of breach of warranty and revocation of acceptance are barred by the one year statute of limitations set forth in the written Purchase Agreement.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See FDIC v. Alexander,* 78 F.3d 1103, 1106 (6th Cir.1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Kutrom Corp. v. City of Center Line,* 979 F.2d 1171, 1174 (6th Cir.1992). The standard for determining whether summary judgment is appropriate is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Winningham v. North Am. Resources Corp.,* 42 F.3d 981, 984 (6th Cir.1994) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)).

The evidence and all inferences drawn therefrom must be construed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'r,* 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Companies, Inc.,* 952 F.2d 942, 945 (6th Cir.1992). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party cannot rest on its pleadings to avoid summary judgment, but must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

### A. Written Purchase Agreement

■ The January 1998 Purchase Agreement executed by plaintiff reads in part on the front of the agreement:

WARRANTIES: THE DEALER IS NOT GRANTING ANY IMPLIED WARRANTY OF MERCHANTABILITY AND THE ONLY WARRANTIES GRANTED ARE THOSE WRITTEN WARRANTIES PROVIDED BY THE MANUFACTURER OF THE MERCHANDISE PURCHASED. IT IS AGREED THAT THE DEALER MAKES NO WARRANTY WHATSOEVER REGARDING THE UNIT, APPLIANCE OR COMPONENT CONTAINED THEREIN UNLESS SO NOTED ABOVE.

\* \* \* \* \* \*

I, OR WE, HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER AND THAT I, OR WE HAVE READ THE BACK OF THIS AGREEMENT, UNDERSTAND IT, AND HEREBY AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. FINAL PAYMENT DUE PRIOR TO DELIVERY.

[Plaintiff's signature as "Purchaser"]

Colony Marine's Exhibit B; Plaintiff's Exhibit B. The back of the purchase agreement further provides:

1. DISCLAIMER OF WARRANTIES, SELLER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS AND IMPLIED, INCLUDING ALL WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. BUYER AFFIRMS THAT IT HAS NOT RELIED UPON THE SELLER'S SKILL OR JUDGMENT TO SELECT OR FURNISH EQUIPMENT FOR ANY PARTICULAR PURPOSE.....

12. To the extent that any warranties exist which have not been disclaimed above, Buyer agrees that the sole exclusive remedy against Seller shall be limited to the repair and replacement of parts and equipment, provided Seller is promptly notified in writing of any defect. This exclusive remedy shall not be deemed to fail of its essential purpose so long as Seller is willing and able to repair or replace the defective parts and, in any event, Seller's liability for any damages due buyer shall be limited to the purchase price of the goods. THIS PARAGRAPH STATES BUYER'S SOLE AND EXCLUSIVE REMEDY FOR BREACH OF WARRANTY.

13. The statute of limitations applicable to all claims arising under this Contract shall be one year from the date the claim accrues . . . . .

*Id.* The Purchase Agreement also contains an integration clause and a provision stating that the Purchase Agreement shall be construed under Michigan law. *Id.* Plaintiff signed the front, but not the back, of the Purchase Agreement. *Id.* Under the heading "COLONY MARINE—DEALER" are two signature lines that read "BY" and "ACCEPTED BY". *Id.* Under the "BY" signature line it reads: "Not Valid Unless Signed and Accepted by an Officer of the Company." *Id.* The Purchase Agreement was not signed by a representative of defendant Colony Marine.

Plaintiff argues that, without a Colony Marine signature, the terms of the Purchase Agreement are expressly "not valid" and unenforceable. M.C.L. § 440.2201(1) provides:

1) Except as otherwise provided in this section, a contract for the sale of goods for the price of $1,000.00 or more is not enforceable by way of action or defense unless there is a writing sufficient to indicate that a contract for sale has been made between the parties and *signed by the party against whom enforcement is sought* or by his or her authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in the writing.

(emphasis added). Official Comment to M.C.L. § 440.2201 instructs:

1 . . . . . Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be "signed", a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity. 2. "Partial performance" as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.

Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists.

. . . .

Receipt and acceptance of goods constitutes an objective manifestation of the parties' assent to a contract. *West Central Packing Inc. v. A.F. Murch Co.*, 109 Mich. App. 493, 504, 311 N.W.2d 404 (1981).

Construing the pleadings and evidence in a light most favorable to plaintiff, reasonable jurors could not disagree that plaintiff is bound by the terms of the written Purchase Agreement. The Purchase Agreement is signed by plaintiff, the party against whom enforcement is sought. M.C.L. § 440.2201(1). The Purchase Agreement identifies defendant Colony Marine as the seller of one 1998 Sea Ray Model 450DA to buyer plaintiff Rokicsak for a total price of $401,433.43 (total cash delivered price, taxes and registration and title) less a $226,000.00 "trade and/or discount", leaving a balance due of $175,433.43. Colony Marine's Exhibit B; Plaintiff's Exhibit B. Plaintiff alleges in his First Amended Complaint that:

On or about October, 1998, Plaintiff purchased a new 1998 Sea Ray 450 Sundancer boat and related equipment from the Defendant Seller [Colony Marine], for the approximate sum of $418,800; the engine in the subject boat was manufactured, distributed and/or imported by the Defendant Engine Manufacturer [Caterpillar, Inc.]. The boat was delivered on May 24, 1999.

First Amended Complaint, ¶ 5, at 2. Plaintiff admits by way of affidavit that he took

delivery of the boat on May 1, 1998. Plaintiff's July 11, 2002 Affidavit, ¶ 2, at 1. Plaintiff's acceptance of the subject boat, and Colony Marine's delivery of the boat and acceptance of partial payment, constitutes objective evidence that plaintiff as well as Colony Marine accepted the terms of the written Purchase Agreement. Under these undisputed circumstances, the omission of a Colony Marine signature does not make the Purchase Agreement insufficient as a written contract; the Purchase Agreement is enforceable against plaintiff, as a signatory, to the extent plaintiff purchased the subject boat and engine from Colony Marine. M.C.L. § 440.2201(1); *West Central Packing,* 109 Mich.App. at 504, 311 N.W.2d 404. Plaintiff has failed to come forward with facts or legal argument sufficient to invalidate the integrated Purchase Agreement.

### B. Breach of Warranty/Disclaimer

"Warranties of merchantability and fitness for a buyer's intended use arise by implication but may be negated by contrary contractual terms meeting the requirements of M.C.L. § 440.2316(2), (3) [1]; M.S.A. § 19.2316(2), (3)." *McGhee v. GMC Truck and Coach Div.,* 98 Mich.App. 495, 500, 296 N.W.2d 286 (1980). Consistent with M.C.L. § 440.2316, the Purchase Agreement disclaimed all warranties using clear and conspicuous language by stating "IT IS AGREED THAT THE DEALER [Colony Marine] MAKES NO WARRANTY WHATSOEVER REGARDING THE UNIT", and by specifically incorporating the term "merchantability" into the waiver language and expressly disclaiming any implied warranty of fitness. M.C.L. § 440.2316(2), (3); *McGhee,* 98 Mich.App. at 500, 296 N.W.2d 286. The undisputable common understanding of the written Purchase Agreement language called plaintiff's attention to the exclusion of all warranties, making plain there were no warranties except "THOSE WRITTEN WARRANTIES PROVIDED BY THE MANUFACTURER." *Id.*

---

1. "(1) *Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other;* but subject to the provisions of this article on parol or extrinsic evidence (section 2202) negation or limitation is inoperative to the extent that such construction is unreasonable.
(2) Subject to subsection (3), *to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous.* Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
(3) Notwithstanding subsection (2):
(a) unless the circumstances indicate otherwise, *all implied warranties are excluded by* expressions like "as is", "with all faults" or other *language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;* and
(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and
(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade; and
(d) with respect to the sale of cattle, hogs, or sheep, there is no implied warranty that the cattle, hogs, or sheep are free from disease, if the seller shows that all state and federal law concerning animal health has been satisfied.
(4) Remedies for breach of warranty can be limited in accordance with the provisions of this article on liquidation or limitation of damages and on contractual modification of remedy (sections 2718 and 2719)." (emphasis added).

█ Plaintiff concedes that Michigan law allows for the disclaimer of implied warranties, but argues that 15 U.S.C. § 2308 of the MMA does not permit the disclaimer of implied warranties where a written warranty is provided:

(a) Restrictions on disclaimers or modifications

*No supplier may disclaim* or modify (except as provided in subsection (b) of this section) *any implied warranty* to a consumer with respect to such consumer product *if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.*

(b) Limitation on duration

For purposes of this chapter (other than section 2304(a)(2) of this title), implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty.

(c) Effectiveness of disclaimers, modifications, or limitations

A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law.

(emphasis added). Plaintiff asserts that paragraph 12 of the Purchase Agreement created an express warranty by stating that "... Buyer agrees that the sole exclusive remedy against Seller [Colony Marine] shall be limited to the repair and replacement of parts and equipment ...." Plaintiff also cites 16 C.F.R. § 700.4 for the proposition that Colony Marine "adopted" the express warranties of co-defendants Sea Ray and Caterpillar.

Creation of an express warranty related to goods is governed in Michigan by M.C.L. § 440.2313, which provides:

1) Express warranties by the seller are created as follows:

(a) An affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) A description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) A sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he or she have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty, except as provided in the art multiples sales act and Act No. 121 of the Public Acts of 1970, being sections 442.321 to 442.325 of the Michigan Compiled Laws.

The Purchase Agreement language relied upon by plaintiff as creating an express warranty plainly describes "the sole exclusive remedy" against Colony Marine "[t]o the extent that any warranties exist which have not been disclaimed". Such does not constitute an affirmation of fact or promise to which the boat had to conform, a description of the boat, or a sample or model of the boat. *See* M.C.L. § 440.2313. Construing the pleadings and evidence in a light most favorable to plaintiff, plaintiff

cannot prove that Colony Marine made an express warranty as a matter of law.

 Even if plaintiff could prove Colony Marine made an express warranty, disclaiming an implied warranty in violation of 15 U.S.C. § 2308(a) of the federal MMA creates a federal cause of action under 15 U.S.C. § 2310(d)(1)[2] for failure to comply with the MMA, but does not give rise to a state cause of action "under a written [or] implied warranty." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1064 (5th Cir.1984). Likewise, 16 C.F.R. § 700.4 provides that if a supplier "adopts" another person's or business' warranty under state law, the supplier is also obligated under the federal MMA to abide by the adopted warranty. The MMA does not aid plaintiff's claims under state law. "The [MMA] prescribes content and minimum standards for written warranties, *see* 15 U.S.C. §§ 2302, 2304, but it serves to *supplement state-law* implied warranties only *by* prohibiting their disclaimer in certain circumstances, *see* 15 U.S.C. § 2308, and *affording a federal remedy* for their breach." *Richardson v. Palm Harbor Homes, Inc.*, 254 F.3d 1321, 1325–1326 (11th Cir.2001) (emphasis added). 15

U.S.C. § 2308 does not revive a state law breach of implied warranty claim, but instead permits a buyer to pursue a federal MMA claim against a supplier if the supplier disclaims an implied warranty while either making a written warranty or entering into a service contract. 15 U.S.C. § 2308(a). 16 C.F.R. § 700.4 does not create a body of state law regarding the adoption of third-party warranties, but instead permits a buyer to pursue a federal MMA remedy against a seller where the seller has breached an adopted warranty.

Here, Colony Marine seeks summary judgment of plaintiff's state law breach of warranty claims as alleged in Count I, not summary judgment of plaintiff's federal MMA claims as alleged in Count IV. The Purchase Agreement plainly and conspicuously waived all implied warranties under Michigan law, and did not provide any express warranties under Michigan law. The integration clause set forth the scope and finality of the Purchase Agreement: "This Agreement reflects the entire agreement between the parties and no other representation or inducement, verbal or written, has been made which is not set forth herein." Purchase Agreement, ¶ 14.

---

**2.** "(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims

(1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

(3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

Although plaintiff did not sign the back of the Purchase Agreement, plaintiff did sign the front of the Agreement, expressly agreeing to be bound by the terms on the back of the Agreement. The federal MMA does not revive plaintiff's state law breach of implied warranty claims, nor does it create law regarding the adoption of third-party warranties in Michigan. Plaintiff has failed to proffer evidentiary facts or state law to support his argument that Colony Marine adopted Sea Ray's or Caterpillar's express or implied warranties.[3] Defendant Colony Marine is entitled to summary judgment of Count I alleging state law claims of breach of express and implied warranties. *Winningham*, 42 F.3d at 981.

## C. Revocation of Acceptance/Privity

■ Colony Marine argues that, absent an actionable warranty, plaintiff cannot prevail on a revocation of acceptance claim as a matter of law, citing *McCormick Machinery v. Julian E. Johnson & Sons*, 523 So.2d 651, 656 (Fla.Ct.App.1988). In Michigan, the availability of the UCC remedy of revocation of acceptance is controlled by contractual privity. *Henderson v. Chrysler Corp.*, 191 Mich.App. 337, 477 N.W.2d 505 (1991). Indeed, "revocation is inextricably connected to the contractual relationship between a buyer and a seller." *Id*, at 341, 477 N.W.2d 505. It is beyond dispute that plaintiff and defendant Colony Marine share a buyer/seller contractual relationship represented by the Purchase Agreement. Accordingly, Colony Marine is not entitled to summary judgment of plaintiff's revocation of acceptance claim based on the absence of a written warranty. *Winningham*, 42 F.3d at 981.

## D. Statute Of Limitations

Colony Marine asserts plaintiff's claims accrued under M.C.L. § 440.2725(1)[4] on May 24, 1998 when delivery of the boat was made and therefore, pursuant to the one year contractual statute of limitations permitted by § 440.2725(1), plaintiff's state law claims expired one year later on May 24, 1999, well before plaintiff first filed suit in Macomb County on November 1, 2001. Plaintiff contends that accrual did not begin until he discovered the breach of contract and, in the alternative, that the stat-

---

**3.** The Michigan Supreme Court's pre-UCC decision in *Cool v. Fighter*, 239 Mich. 42, 214 N.W. 162 (1927) has been cited by at least two state court's for the proposition that "unless a dealer specifically adopts the warranty of the manufacturer then he is not bound thereby." *Courtesy Ford Sales, Inc. v. Farrior*, 53 Ala.App. 94, 99, 298 So.2d 26 (1974). *See also Wallace v. McCampbell*, 178 Tenn. 224, 156 S.W.2d 442, 444 (1941) (holding that telling buyer that manufacturer guarantees work does not constitute adoption of manufacturers warranty).

**4.** "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within 6 months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective."

ute of limitations was tolléd during the periods where defendant assured correction of the problems and attempted to repair the boat.

■ M.C.L. § 440.2725(2) provides an exception to the standard that a breach of warranty occurs, and a cause of action accrues, when delivery is made. The exception states that where the warranty involved "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," accrual occurs when the breach "is or should have been discovered." The court has previously determined herein that no warranties extended from Colony Marine to plaintiff. Thus, the exception articulated in M.C.L. § 440.2725(2) is inapplicable.

■ Further, even if there were actionable warranties, plaintiff is still bound by the one year statute of limitations set forth within the Purchase Agreement. *See* M.C.L. § 440.2725(1). Plaintiff's own proffered evidence demonstrates that plaintiff sent a fax to Colony Marine dated June 10, 1998 referring to a "list of repairs that were given to Colony on May 25, 1998." Plaintiff's Exhibit C.[5] Plaintiff also proffers a work order dated December 14, 1998. *See* Plaintiff's Exhibit A. Plaintiff clearly knew there were problems with the boat in May and June 1998. Thus, even applying the accrual exception in § 440.2725(2), plaintiff's cause of action accrued, at best, in June 1998, requiring plaintiff to file suit within one year, or in June 1999. Plaintiff initially filed suit in Macomb County Circuit Court on November 1, 2001, more than two years after his claims had expired.

■ Plaintiff's attempts to have the boat repaired during the interim did not toll the statute of limitations. *See Zahler v. Star Steel Supply Co.,* 50 Mich.App. 386, 213 N.W.2d. 269 (1973) (holding that mere attempts by seller to correct defects did not toll four year statute of limitations). Plaintiff nonetheless relies upon the dissent in *Zahler* for the proposition that attempts to correct defects in seasonal goods may warrant tolling of a statute of limitations. The Honorable Judge Bashara, writing for the majority in *Zahler,* did not address the issue of seasonal goods. However, even if Michigan law permitted tolling a statute of limitations where seasonal goods are involved, plaintiff had the subject boat for four Summers—1998, 1999, 2000 and 2001—before he elected to file suit in November 2001.

Plaintiff argues that a one year statute of limitations is unconscionable where warranties extend beyond one year. Here, the one year contractual statute of limitations agreed upon by plaintiff and Colony Marine does not interfere with enforcement of an express or implied warranty made by Colony Marine as no such warranty exists. M.C.L. § 440.2725(1) expressly allows the parties to agree to a one year statute of limitations. In light of the express contractual provision setting forth a one year statuté of limitations as authorized by M.C.L. § 440.2725(1), and in the absence of authority to the contrary, plaintiff cannot demonstrate as a matter of law that the one year statute of limitations set forth in the Purchase Agreement is unconscionable, or was tolled to the point of making his November 1, 2001 timely. *Winningham,* 42 F.3d at 981.

---

5. This and other evidence in the record does not support plaintiff's allegation in his First Amended Complaint, at 2, paragraph 5, that delivery was made on May 24, 1999. Even if delivery was made on May 24, 1999, plaintiff's claims still were not filed within one year, by May 24, 2000.

### III. Conclusion

Defendant Colony Marine's motion for summary judgment is hereby GRANTED as to plaintiff Joseph Rokicsak's claims of breach of express and implied warranties as alleged in Count I, and revocation of acceptance as alleged in Count II. Plaintiff cannot prove the existence of an express or implied warranty provided by Colony Marine under Michigan law. Plaintiff's revocation of acceptance claim, as well as plaintiff's breach of express and implied warranty claims as alleged against Colony Marine, are also untimely. Counts I and II as alleged against Colony Marine ONLY are hereby DISMISSED.

SO ORDERED.