J-A10006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LAWAL ETTAH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILADELPHIA CONTRIBUTIONSHIP | : | No. 2311 EDA 2024 |

Appeal from the Order Entered August 1, 2024
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  CV-2023-004254

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 24, 2025**

Lawal Ettah appeals *pro se* from the order of the Delaware County Court of Common Pleas granting Philadelphia Contributionship's motion to dismiss and subsequently dismissing Ettah's amended complaint because his claim was barred by the statute of limitations. Ettah argues that his claim was not barred by the statute of limitations because Philadelphia Contributionship engaged in a course of conduct that tolled the statute of limitations. After careful review, we affirm.

The trial court briefly summarized the relevant factual and procedural history.

> Plaintiff Lawal Ettah had a policy of insurance and made a claim for accidental water damage with Defendant insurer Philadelphia Contributionship, identifying a date of loss as March 8, 2018. *See* Exhibit "A" (First Notice of Claim) attached to Defendant's Motion to Dismiss- Trial Court Docket # 17). [Ettah]

_____

[*] Retired Senior Judge assigned to the Superior Court.

filed his *pro se* Complaint on May 19, 2023, more than five years after the date of loss. [Philadelphia Contributionship filed preliminary objections based on the statute of limitations and lack of specificity.[1] The trial court sustained the preliminary objections without prejudice and granted Ettah 20 days to file an amended complaint. Ettah filed a First Amended Complaint. Philadelphia Contributionship filed the same preliminary objections which the trial court again sustained without prejudice and gave Ettah 20 days to file a second amended complaint. Ettah] ultimately filed the Second Amended Complaint which is the operative Complaint in this matter.

Defendant filed a Motion to Dismiss on April 30, 2024 arguing substantively that [Ettah's] claim for breach of contract was made more than five years after the date of loss and as such [the] claim is barred by the statute of limitations. [Ettah] did not respond, but rather filed yet another Motion to Amend his Complaint, which ultimately was denied as moot, as the Second Amended Complaint (as referenced above) was already ordered to be the operative Complaint. Thus, after review of the Motion, and lack of substantive response from [Ettah], [the trial court] granted Defendant's Motion by Order of August 1, 2024. This appeal followed. [The trial court did not order, and Ettah did not file, a statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). However, the trial court filed an opinion relative to this appeal on October 16, 2024, apprising this Court of the reasons supporting its decision. ***See*** Pa.R.A.P. 1925(a).]

Trial Court Opinion, at 2 (footnote omitted).

---

[1] A statute of limitations defense is properly raised in new matter, not preliminary objections. ***See*** Pa.R.C.P. 1030(a). However, "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." ***Richmond v. Hale***, 35 A.3d 779, 782 (Pa. Super. 2012) (citation omitted).

On appeal, Ettah continues to represent himself *pro se*.[2] He raises the following issues in his appellate brief:

> 1. Whether the statute of limitation can be tolled (pause) till until cause of conduct ends?
>
> 2. Whether the violations, action, events, in a continuous offense can be tolled (pause) till offense ends?
>
> 3. Whether a minor child is included as a family?
>
> 4[. W]hether a statute of limitation is tolled (pause) in fraudulent concealment?

Appellant's Brief, at 11.

Ettah's issues challenge the trial court's order granting Philadelphia Contributionship's motion to dismiss on the basis of the statute of limitations.[3]

> Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no

---

[2] Regarding *pro se* litigants we have repeatedly stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

**Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020) (citation omitted).

[3] As noted previously, the statute of limitations is properly raised in new matter. However, when faced with a non-specific "motion to dismiss" asserting a statute of limitations defense, we review the decision on the motion under our well-established standard for reviewing preliminary objections. **See Rellick-Smith v. Rellick**, 147 A.3d 897, 901 (Pa. Super. 2016).

testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

***Caltagirone v. Cephalon, Inc.***, 190 A.3d 596, 599 (Pa. Super. 2018) (citations omitted).

Essentially, Ettah argues the limitations period did not begin on the date of loss because Philadelphia Contributionship engaged in a course of conduct that tolled the statute of limitations. ***See*** Notice of Appeal, 8/30/24; Appellant's Brief, at 11. Philadelphia Contributionship counters that Ettah identified the date of loss as March 8, 2018, and therefore, the complaint, filed more than five years after that, is barred by the two-year limitations period in Ettah's insurance contract and the applicable four-year statute of limitations for contract claims. ***See*** Appellee's Brief, at 5.

Generally, the statute of limitations period on a contract claim is four years. ***See*** 42 Pa.C.S.A. § 5525(a)(8). However, the Insurance Contract specified that an action can only be brought if it is started within two years after the date of loss. ***See*** Insurance Policy, at 13. Ettah does not argue, and we have no reason to suspect, that the two-year limitations period from the date of loss in his insurance policy was unreasonable. Therefore, the two-year limitations period from the date of loss is controlling. ***See Lyons v. Nationwide Ins. Co.***, 567 A.2d 1100, 1102 (Pa. Super. 1989) ("[C]ontractual

provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable."); *see also Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156-58 (Pa. Super. 2009) (reversing judgment in favor of insured because insured failed to commence suit for failure to pay casualty and vandalism losses within the two-year limitations period from the date of loss set forth in the insurance contract).

Moreover, even if the standard four-year statute of limitations were controlling, it would not affect our disposition because Ettah brought his cause of action five years after the identified date of loss, and he was unable to offer any evidence or persuasive argument to support his position that the statute of limitations was somehow "tolled."

First, in his brief, Ettah fails to cite any pertinent legal authority. He cites to two Illinois cases, one of which is unreported. *See* Appellant's Brief, at 14-15 (citing *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 631 (Ill. 1994) and *Comprehensive Mktg., Inc. v. Huck Bouma P.C.*, 2023 WL 6143510 at \*6 (Ill. App. Sept. 20, 2023)). Not only is neither case controlling, *see Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1207 (Pa. Super. 2011) ("[I]t is well-settled that this Court is not bound by . . . decisions of other states' courts."), but, even if they were, Ettah fails to explain their persuasive value. *See* Appellant's Brief, at 14-15.

Second, the only Pennsylvania case cited by Ettah is **Commonwealth v. Spanier**, 132 A.3d 481 (Pa. Super. 2016), which is not pertinent to our review. Ettah claims that, in **Spanier**, "the court discussed the application of statute of limitations for continuous offenses, particularly focus[ing] on the exception outlined in 42 [Pa.C.S.A. §] 5552(c)(3) for certainly [sic] against minors[,]" and emphasized that the statute of limitations is tolled until the course of conduct ends. Appellant's Brief, at 16.

However, Ettah's representation of **Spanier** completely misses the mark. **Spanier** does not contain any discussion of the statute of limitations or 42 Pa.C.S.A. § 5552(c)(3).[4] **See generally Spanier**, 132 A.3d 481. Rather, in **Spanier**, the Court quashed criminal charges because they were based on grand jury testimony that breached the attorney-client privilege. **See id.** at 1082. Thus, **Spanier** concerns a distinct legal issue and is wholly inapplicable to the instant case.[5]

In sum, Ettah's suit filed five years after the date of loss was barred by both the two-year limitations period in his insurance contract and the four-year statute of limitations applicable to contract claims. Further, he provides

---

[4] Even if **Spanier** discussed 42 Pa.C.S.A. § 5552(c)(3), it would be irrelevant to the instant case because Section 5552(c)(3) relates to certain exceptions to the statute of limitations in criminal prosecutions for sexual offenses against minors.

[5] Ettah also cites to numerous Pennsylvania and federal statutes but fails to explain how those statutes are relevant or support his argument that the statute of limitations was tolled.

no convincing argument to support his claim that the limitations period should have been tolled. Thus, the trial court did not err in dismissing Ettah's second amended complaint with prejudice because it was filed after the statute of limitations period expired. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/24/2025